Israel LaBoy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 17, 1983 :

Israel LaBoy appeals from an order of the Pennsylvania Board of Probation and Parole recommitting him to prison for eighteen months as a technical parole violator. Specifically, he claims that the board (1) violated his due process rights by conducting his August 13, 1981 violation hearing before a single hearing examiner and not before a quorum of the board and (2) violated his due process and equal protection guarantees by failing to aggregate his recommitment time for general and special parole violations, as required by 37 Pa. Code §75.3(f).[1]

In his Petition for Administrative Relief addressed to the board, Mr. LaBoy did not raise the issue of his right to be heard by a quorum. However, in his brief, he claims that, at the August 13, 1981 hearing, he and his attorney objected strenuously to a single examiner hearing and that those objections were overruled. The examiner's summary of the proceedings makes no ref-

---

[1] Section 75.3(f) of Title 37 of the Pennsylvania Code provides :

    (f) Violations of special conditions of parole shall be dealt with at least as severely as the least serious of the general conditions, and time will be aggregated to determine a reparole consideration date.

Mr. LaBoy also claims that section 75.3 of the Code is unconstitutionally vague.

erence to Mr. LaBoy's alleged request for a full board hearing.

The sparse certified record before us reveals that Mr. LaBoy signed a waiver form as to his right to be heard by a quorum of the board on July 7, 1981, more than one month before his scheduled violation hearing. We note, however, that Title 37 of the Pennsylvania Code, section 71.2(14)(ii), requires that if the board conducts a violation hearing before a single examiner because a parolee previously waived his right to a quorum under section 71.2(14)(i), the examiner must "verbally readvise the parolee and his attorney . . . of the parolee's right to be heard before a quorum of the board." Section 71.2(14)(ii)(A) then provides that if a parolee still wishes to waive his right to a full board hearing and the examiner is satisfied that the waiver is "knowing, intelligent and freely made," the examiner must then "accept and make a part of the record a written waiver to that effect."

If, after being advised of his rights, the parolee wishes to be heard by a quorum of the board, section 71.2(14)(ii)(B) requires the examiner to document that fact, terminate the proceedings, return the parolee to custody, and initiate the scheduling of a full board hearing.

Unfortunately, the record here is fragmentary; it merely summarizes the proceedings. Without a verbatim transcript, and documentary evidence of record that Mr. LaBoy signed a waiver on the date of his violation hearing, we have no way of knowing if the examiner readvised Mr. LaBoy of his right to be heard before a quorum of the board.

Accordingly, we remand this case for a verbatim transcript of Mr. LaBoy's August 13, 1981 hearing.[2]

---

[2] Because we are remanding this case to determine what transpired at Mr. LaBoy's violation hearing, we cannot address his argument of improper backtime calculations.

## Order

Now, May 17, 1983, this case is remanded to the Pennsylvania Board of Probation and Parole, with a direction to submit a complete record, including a verbatim transcript of the August 13, 1981 violation hearing of Israel LaBoy.

Jurisdiction retained.