Israel LaBoy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, September 7, 1983:

Israel LaBoy appeals from an order of the Pennsylvania Board of Probation and Parole recommitting him to prison for thirty months[1] as a technical parole violator.

In *LaBoy v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 332, 459 A.2d 916 (1983), we remanded this case for a transcript to determine if, after Mr. LaBoy waived his right to a

---

[1] In *LaBoy v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 332, 459 A.2d 916 (1983), we erroneously stated that the board recommitted Mr. LaBoy to prison for eighteen months.

hearing by a quorum of the board, the hearing examiner readvised Mr. LaBoy of his right to be heard by a board quorum, as required by 37 Pa. Code §71.2(14)(ii).[2] The transcript, as received, reveals that the hearing examiner did not reiterate the required advice to him at the time of the single-examiner hearing.

Where the board has not complied with its own regulations, the remedy, in a case such as this, is to remand for a proper hearing, just as we have done where there has been a constitutional deprivation of due process, *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973) (upholding the constitutional right of a convicted parolee to a revocation hearing and counsel, and, after failure of the board to afford the parolee those rights, remanding for a new revocation hearing).

Accordingly, we vacate the decision of the board recommitting Mr. LaBoy to thirty months in prison and order the board to convene a hearing before a quorum of the board for the purpose of determining if it should recommit Mr. LaBoy as a technical parole violator and, if so, the amount of time he should serve.[3]

---

[2] The board contends that, under 37 Pa. Code §71.5(h), Mr. LaBoy waived his rights because he did not mention the lack of a full board hearing in his petition for administrative review before the board. We rejected a similar argument in *Brown v. Pennsylvania Board of Probation and Parole*, 70 Pa. Commonwealth Ct. 597, 600-01, 453 A.2d 1068, 1070 (1982) (failure by pro se petitioner to specify right to counsel as basis for review does not constitute waiver of issue under parole board regulation governing applications for review).

[3] Because we are vacating the board's recommitment order, we need not reach Mr. LaBoy's argument that the board violated his due process and equal protection guarantees by allegedly failing to aggregate his recommitment time for general and special parole violations under 37 Pa. Code §75.3(f).

## ORDER

Now, September 7, 1983, we vacate the order of the Pennsylvania Board of Probation and Parole recommitting Mr. LaBoy to thirty months in prison and remand this case to the board with the order that it convene a hearing before a quorum of the board for the purpose of determining if Mr. LaBoy should be recommitted as a technical parole violator and, if so, the amount of time he should serve.

Jurisdiction relinquished.