Purcell Bronson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 5, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., December 29, 1983:

This matter is an appeal by Purcell Bronson from a 1978 order of the Pennsylvania Board of Probation and Parole (Board) revoking his parole.[1]

In November of 1973, Mr. Bronson was sentenced by the Court of Common Pleas of Allegheny County to a term of imprisonment of not less than two years nor

[1] This case has a prior history that can be found in the Pennsylvania Supreme Court's opinion in *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980). Because of that decision, we appointed the Public Defender's Office of Montgomery County to represent Mr. Bronson in the instant appeal.

more than four years, for the offense of Assault by Prisoner. The effective date of that sentence was August 23, 1973. Two years after that date, on August 23, 1975, Bronson was paroled.

On March 12, 1977, while he was still on parole, Bronson was arrested by authorities of Philadelphia County pursuant to various new criminal charges. A few days later, Delaware County also lodged several new criminal charges against Bronson. The Delaware County charges included: Facilitating Escape, Aggravated Assault, Conspiracy, and various weapon offenses.

On September 6, 1977, the Court of Common Pleas of Delaware County adjudged Bronson guilty of Facilitating Escape and of Aggravated Assault. For those convictions, he was sentenced to two identical, concurrent prison terms of from two to four years, to be served at the State Correctional Institution at Graterford (Graterford). Bronson was transferred to Graterford on December 2, 1977. Prior to that transfer, he had been confined in the Philadelphia County Prison.

On January 23, 1978, a parole-violation warrant was filed against Bronson. On Feruary 3, 1978, he submitted a written request for a Full-Board hearing. Such a hearing was held on April 6, 1978. As a result of that hearing, the Board, on June 5, 1978, entered the order here in issue: to recommit Bronson, as a convicted parole violator, to serve the unexpired portion of the prison term imposed in 1973. According to the Board, the basis for its decision was the seriousness of Bronson's new conviction and his poor adjustment while on parole.

The appellant asks us to reverse the Board's recommitment order of June 5, 1978; and, to that end, he presents four arguments. He first alleges that he was

unrepresented by counsel at the Board's revocation hearing held on April 6, 1978. Based on that allegation, he next argues that the Board hearing of that date was a nullity and, hence, could not satisfy the 120-day time limitation imposed by 37 Pa. Code §71.4 (2) for a parole-violation hearing following a conviction for a new criminal offense.

The appellant also argues that the aforementioned regulation violates the equal protection clause of the fourteenth amendment of the United States Constitution. This argument is based on the appellant's contention that 37 Pa. Code §71.4(2), in designating when the 120-day period begins to run, makes an arbitrary distinction between county-confined parolees who waive a Full-Board hearing and county-confined parolees who do not waive. According to the appellant's reading of the regulation, if a county-confined parolee waives a Full-Board hearing, the 120-day period begins to run on the date of the new criminal conviction; but if such a parolee does not waive a Full-Board hearing, the period does not begin to run until the Board receives verification of his transfer to a State Correctional Institution.

Lastly, the appellant asserts that judicial delay in appointing an attorney to represent him in seeking review of his parole revocation, and a delay by the Board in certifying its record, constituted a denial of procedural due process.

We will address first the appellant's last two arguments. The equal protection challenge to 37 Pa. Code §71.4(2) is based on a misapprehension of that regulation. 37 Pa. Code §71.4(2) does not, as to any *county-confined* parolee, make the 120-day period run from the date such a parolee was convicted of a new offense. That is so regardless of whether or not the parolee has waived a Full-Board hearing. As to any parolee confined in a county institution, or any other

facility beyond the jurisdiction of the Board, the 120-day period does not begin to run until the Board has received official verification of such a parolee's return to the jurisdiction of the Board, or until he has brought himself within the Board's jurisdiction by waiving a Full-Board hearing.[2] Regarding the appellant's argument concerning the delay in the appointment of counsel, and the delay in obtaining a certified record from the Board, we know of no rule by which those factors automatically invalidate a parole revocation.

As noted, the appellant's first two arguments go to his right to be represented by counsel at the parole revocation hearing. The appellant asserts that he was not represented; the Board contends that he was. We cannot resolve this issue on the record before us. We have no transcript of the proceedings at the revocation hearing.[3] Consequently, we must remand this case to the Board, with a direction that it submit a transcript of the revocation hearing. *See Laboy v. Pennsylvania Board of Probation and Parole,* 77 Pa. Commonwealth Ct. 64, 459 A.2d 916 (1983).

## ORDER

AND Now, the 29th day of December, 1983, the above-captioned case is hereby remanded to the Pennsylvania Board of Probation and Parole, with a direction to submit a verbatim transcript of Purcell Bronson's April 6, 1978 parole revocation hearing.

Jurisdiction retained.

Judge DOYLE concurs in the result only.

---

[2] In the instant case, both parties agree that on December 13, 1977, the Board received official verification that Bronson had been transferred to Graterford on December 2, 1977.

[3] The record submitted by the Board consists only of the recommitment order and the Certificate of the Board's Chairman reciting a chronology of events.