Purcell Bronson, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole and Record/Assessment Unit of Graterford Prison, Respondents.

Submitted on briefs October 22, 1985, before President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, Parole Division, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE ROGERS, December 9, 1985:

In *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), the Supreme Court reversed an order of this court dismissing the instant petitioner's, Bronson's, application for assistance of counsel in presenting his petition for review of an order of the Pennsylvania Board of Probation and Parole revoking his parole. The Supreme Court held that this court erred in concluding that Bronson's petition was in the nature of an action in mandamus rather than an appeal from the board's action; that it was an appeal; and that he was entitled to the assistance of counsel. The Supreme Court, as noted, reversed our order and remanded for a counselled appeal.

In *Bronson v. Pennsylvania Board of Probation and Parole,* 79 Pa. Commonwealth Ct. 237, 468 A.2d 1205 (1983), we partially disposed of Bronson's petition for review, holding against Bronson with regard

to two of the four arguments advanced by him for overturning the board's revocation action; but remanded the matter to the board with respect to Bronson's two remaining arguments with direction that the board submit a verbatim transcript of the parole revocation hearing conducted on April 6, 1978. Bronson filed a petition for allocatur with the Supreme Court but his application was refused.

The two arguments which remain are: (1) that he was not provided with the assistance of counsel at the board's April 6, 1978 revocation hearing and (2) that because he was not provided with assistance of counsel at the April 6, 1978 hearing, that hearing was a nullity, with the result that he has not been provided the required hearing within 120 days from the date of his conviction.

We have now received the verbatim transcript of the board's revocation hearing of April 6, 1978. This shows, contrary to Bronson's contention, that Saul Friedman, Esquire, of the Philadelphia Defender's Office appeared for Bronson at the hearing. Mr. Friedman stated for the record that he was not sure why he was assigned to the case because the convictions which were the occasions for the hearing were entered in the Delaware County Common Pleas Court.[1] Nevertheless Mr. Friedman in fact represented Bronson, urging upon the board various reasons why it should not revoke his parole. Hence, Bronson did have the assistance of counsel at the board hearing; the hearing was not a nullity; and it did constitute compliance with the 120 day rule.

---

[1] The questions of which defender's office should assist indigent parole violators were not decided until our decisions in *Passaro v. Pennsylvania Board of Probation and Parole*, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981) (representation at board hearings) and *Brewer v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985) (representation in appeals).

All of Bronson's contentions having now been disposed of adverse to his positions, two in our earlier case cited, and the remaining two here, we affirm the board's recommitment order made June 5, 1978.

ORDER

AND Now, this 9th day of December, 1985, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.