509 A.2d 935

Harry Hartman, Petitioner *v.* Warden George Petsock, SCI Pittsburgh, LeRoy Zimmerman, Attorney General and Herman Tartler, Secretary of the Board of Probation and Parole, Respondents.

Submitted on briefs October 23, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief-Appellate Division, and *Paulette J. Balogh,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondents.

OPINION BY JUDGE PALLADINO, May 19, 1986:

On January 6, 1984, while on parole from a two-to-ten-year sentence for involuntary deviate sexual intercourse, Harry Hartman (Petitioner) was arrested for rape and indecent assault. A parole violation warrant was filed the same day based upon the criminal charges and technical parole violations. Upon Petitioner's request, his preliminary parole violation hearing was continued to January 31, 1984. On January 23, 1984 the criminal charges were dismissed because the alleged victim refused to testify. On January 31, 1984, Petitioner signed waivers of the preliminary hearing and a full Board hearing, and a violation hearing was held before a hearing examiner. Based upon the hearing examiner's recommendation, the Board of Probation and Parole (Board), by order dated March 12, 1984, recommitted Petitioner for twenty-four months as a technical parole violator. Petitioner timely requested administrative relief which was denied, and Petitioner appealed to this Court. Upon the Board's motion, which asserted that the tape recording of the violation hearing was incomplete and could not be transcribed, we remanded the case to the Board for a new violation hearing. *Hartman v. Commonwealth, Board of Probation and Parole,* (No. 1658 C.D. 1984, filed September 13, 1984).

A new violation hearing was scheduled for October 1, 1984. Petitioner appeared and requested a continu-

ance. On October 9, 1984, Petitioner appeared for a new violation hearing before a hearing examiner. Pursuant to Board regulations, the hearing examiner advised Petitioner of his right to be heard before a quorum of the Board. *See* 37 Pa. Code §71.2(14)(ii). Petitioner at that point stated that he wanted a full Board hearing. The hearing examiner, rather than terminating the proceedings and making arrangements to schedule a hearing before a quorum of the Board as required by 37 Pa. Code §71.2(14)(ii)(B), and over Petitioner's objection, proceeded to take testimony of the parole agent and the agent's witnesses.

The tape recording of this testimony was forwarded to the Board, a quorum of which convened on November 20, 1984, to hear testimony from one additional witness. Based upon both the recorded and live testimony, the Board, by order dated January 8, 1985, recommitted Petitioner to serve twenty-four months backtime as a technical parole violator. Petitioner's timely request for administrative relief was denied and Petitioner now appeals to this Court.

Petitioner's initial assertion of error is that the Board's hearing examiner erred in proceeding to take testimony and making evidentiary rulings at the October 9, 1984 hearing after Petitioner had requested a full Board hearing. We agree.

The Board's regulations are quite specific on the procedure to be followed by a hearing examiner with regard to advising a parolee of his right to be heard by a quorum of the Board:

(14) The following procedures will apply during the Violation Hearings:

. . . .

(ii) If the Violation Hearing is to be held before an Examiner of the Board, such Examiner shall, prior to the commencement of the proceeding,

verbally readvise the parolee and his attorney, if any, of the parolee's right to be heard before a quorum of the Board.

(A) If the parolee still wishes to waive his right to a hearing before a quorum of the Board and the Examiner is satisfied that the parolee's waiver is knowing, intelligent, and freely made, the Examiner shall then accept and make a part of the record a written waiver to that effect.

(B) *If the parolee now wishes to exercise his right to be heard by a quorum of the Board at a Violation Hearing, the Examiner shall document such fact and have the parolee sign such documentation, and the Examiner shall then terminate the proceedings and have the parolee returned to custody.* The Examiner shall then initiate action to· have the parolee scheduled to be heard by a quorum of the Board.

. . . .

37 Pa. Code §71.2(14) (emphasis added). In *LaBoy v. Commonwealth, Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 332, 459 A.2d 916 (1983) we held that the Board and its hearing examiners must comply with these regulations. There was no such compliance in this case.

The Board now argues that Petitioner did not have a right to a full Board hearing on the facts of this case because the October 9, 1984 hearing was the result of a remand order by this Court. We reject this argument. Our order stated that a *new* violation hearing was to be conducted; it contemplated a completely new hearing subject to all the rights and procedures that attach to an original violation hearing. We did not order a limited hearing for a limited purpose.

In the alternative, the Board argues that Petitioner did receive a full Board hearing on November 20, 1984,

when a quorum of the Board convened to hear the recorded testimony and the live testimony of one witness. The Board posits that the testimony taken by the hearing examiner was analogous to the taking of a deposition. We also reject this argument. The hearing examiner did not merely preside over the deposing of witnesses. During a deposition all testimony is placed in the record, subject to any objections which are made and preserved but not ruled upon until the deposition is considered by the tribunal which is to decide the case. In the case at bar, however, the hearing examiner made evidentiary rulings to either admit or exclude testimony. Thus, it was the hearing examiner rather than the Board who decided what evidence would be placed in the record.

Accordingly, we must again remand this case to the Board for a new violation hearing. If Petitioner chooses to exercise his right to be heard by a quorum of the Board, then the Board is to hear all of the testimony. Because we have decided that a remand is necessary, we need not address the evidentiary issues raised by Petitioner.

ORDER

AND NOW, May 19, 1986, the order of the Board of Probation and Parole, dated February 19, 1985, in the above-captioned case is vacated, and the case is remanded for a new violation hearing.

Jurisdiction relinquished.