537 A.2d 78

William McCaffrey, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 14, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*John C. Armstrong*, Chief, Parole Division, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 5, 1988:

William McCaffrey (Petitioner)[1] petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) revoking his parole. We affirm.

Petitioner has a long history of sexual offenses, especially those involving children. In 1979, Petitioner was convicted of two counts of deviate sexual intercourse (both involving children) and sentenced to a five-to-ten year term. He was paroled on February 5, 1986, with the following special condition: "[m]ust not associate with minor children under the age of 18." A later portion of this same condition also stated that "[a]ny unauthorized association with a juvenile is an immediate parole violation."

On September 6, 1986, J. P., a thirteen year old minor, was riding his bike in the 4300 block of Avondale Avenue, Philadelphia. Petitioner drove into the block, during which time he had money in his hand. Petitioner drove his car past the minor waving the money. Petitioner's automobile circled the block and this time he waved more money. Petitioner circled the block a third time and came back, this time pointing to the minor to

---

[1] It is unclear what Petitioner's last name is, as he is referred to at various points in the petition for review, briefs and record as McCaffrey, McCafrey and McCafferty. For purposes of this appeal, we have used the name he signed to the petition for review.

approach his car, which the minor refused to do. Petitioner again circled the block and this time said to the minor he would give the minor twenty dollars if he got into his vehicle and rode with him. This incident was reported to police, and the Board initiated parole revocation proceedings.

After a hearing, Petitioner's parole was revoked due to his violation of the parole condition relating to association with minors. He was recommitted to serve eighteen months backtime. Petitioner's counsel then filed a petition for administrative relief alleging only that "[t]he Board committed errors of law, violated petitioner's constitutional rights and failed to support [sic] substantial evidence." The Board dismissed Petitioner's request for administrative relief because it failed to comply with 37 Pa. Code §71.5(h), which requires that petitions for administrative relief specifically set forth the facts or legal basis for the relief sought. This appeal follows.[2]

The Board argues that Petitioner has waived all issues for appellate review. We agree. 37 Pa. Code §71.5(h) provides in pertinent part that "[t]he application [for administrative relief] shall set forth specifically the factual and legal basis for the allegations." It is clear that the quoted portion of the regulation requires a prisoner seeking administrative relief to make his claims with at least some small degree of specificity. Here, all Petitioner's application for administrative relief does is parrot the phrasing of Section 704 of the Administrative

---

[2] Our scope of review over orders of the Pennsylvania Board of Probation and Parole is limited to determining whether constitutional rights or the provisions of 2 Pa. C. S. §§501-508 have been violated, an error of law has been committed or the Board's essential findings of fact are unsupported by substantial evidence. 2 Pa. C. S. §704; *Dennis v. Pennsylvania Board of Probation and Parole,* 110 Pa. Commonwealth Ct. 517, 532 A.2d 1230 (1987).

Agency Law, 2 Pa. C. S. §704, without indicating what Board action or inaction constituted error.

This state's appellate courts have consistently held that where post-trial motions contain "boilerplate" allegations of error, such as "contrary to law," "against the weight of the evidence," and "contrary to the charge of the court," such allegations of error are not preserved for appellate review, and are waived. *Mears, Inc. v. National Basic Sensors, Inc.*, 337 Pa. Superior Ct. 284, 486 A.2d 1335 (1984); *rev'd on other grounds,* 510 Pa. 61, 507 A.2d 32 (1986); *Carnicelli v. Bartram,* 289 Pa. Superior Ct. 424, 433 A.2d 878 (1981). This rule has also been applied in criminal cases by our Supreme Court, utilizing Pa. R. Crim. P. 1123(a), which has a requirement of specificity and particularity similar to that of 37 Pa. Code §71.5(h). *See Commonwealth v. Twiggs,* 485 Pa. 481, 402 A.2d 1374 (1979). The rationale behind this policy is to give tribunals notice as to what mistakes they have supposedly committed, and to give these bodies a chance to correct them. *Mears.* As the Superior Court noted in that case:

> If the arguments are unclear, the court is adrift in a trackless sea of potential error when reviewing the case. The policy is much like that of barring appellate courts from reviewing questions not preserved below; had the arguments been made, the lower court might have decided the issue in the party's favor, thus obviating the need for judicial review. . . . When the assignments are general, the court does not know what specific complaints exist in the mind of counsel, and cannot be expected to divine them. To so require, the courts would not serve the goal of orderly and efficient use of judicial resources.

*Id.* at 288, 486 A.2d at 1337-38 (citation omitted). We think that this policy and its underlying rationale apply

with equal force to the present case.[3] We hold, therefore, that Petitioner has waived all issues for appellate review.

Affirmed.

## ORDER

The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

---

[3] We note this Court's decision in *Brown v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982), where we held that a petitioner's failure to note lack of counsel as grounds for administrative relief does not constitute a waiver of that issue where the petitioner proceeds *pro se* in the preparation of his application for review and where no written waiver of counsel appears in the record submitted for appellate review. *See also LaBoy v. Pennsylvania Board of Probation and Parole,* 77 Pa. Commonwealth Ct. 64, 66 n. 2, 465 A.2d 78, 78 n. 2 (1983). Petitioner here was, however, represented at all times by counsel.