568 A.2d 1004

**William JACKSON, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 1989.

Decided Jan. 18, 1990.

John C. Armstrong, Asst. Public Defender, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, PALLADINO, J. (P.) and SMITH, J.

PALLADINO, Judge.

William Jackson (Petitioner) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. We affirm.

Petitioner was originally paroled by the Board on July 31, 1986, from a two to five year sentence imposed as a result

of a conviction for robbery. He was recommitted as a technical parole violator on April 10, 1987, and ordered to serve four months of backtime. On August 27, 1987, Petitioner was reparoled to the in-patient drug and alcohol treatment program at Eagleville Hospital. Successful completion of the program was a special condition of parole imposed by the Board. On October 1, 1987, having successfully completed the program at Eagleville Hospital, Petitioner was released to the street.

On April 19, 1988, Petitioner was convicted of burglary, criminal conspiracy, criminal trespass, and theft. The Board subsequently entered an order recommitting Petitioner as a convicted parole violator to serve eighteen months of backtime. The Board also set Petitioner's tentative release date and maximum term expiration date. Petitioner filed an administrative appeal seeking to have the time which he spent in Eagleville Hospital credited to his maximum expiration date. After a hearing, the Board found that Petitioner was not entitled to credit against his maximum sentence for the time he spent in the Eagleville program.

On appeal to this court, Petitioner argues that the Board abused its discretion by denying Petitioner credit against his maximum sentence for time spent at the in-patient treatment program at Eagleville Hospital.

Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21a(a), provides that a parolee who is recommitted as a convicted parole violator "shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time spent *at liberty on parole*." (Emphasis added.) "At liberty on parole" has never been conclusively defined. Although the Board is granted broad discretion in imposing special conditions of parole pursuant to 37 Pa.Code § 63.5, some programs that the Board may require a parolee to participate in while on parole, may be so restrictive as to require the granting of credit for the time spent in them. *Cox v. Board of Probation and Parole*, 507 Pa. 614, 493

A.2d 680 (1985). In *Cox*, our supreme court, when confronted with facts identical to the present facts, held that a parolee seeking credit for time spent in an in-patient drug rehabilitation program has the burden of proving and persuading the Board that the specific characteristics of the program constitute restrictions on his liberty sufficient to warrant credit on his maximum sentence. Furthermore, a reviewing court may "not interfere with the Board's determination of that issue unless it acts arbitrarily or plainly abuses its discretion." *Id.* 507 Pa. at 620, 493 A.2d at 683.

■ Unlike *Cox*, where the supreme court remanded to the Board to permit a factual record to be established, the Board in this case heard evidence and made findings of fact on the issue of the restrictive nature of the Eagleville Hospital program. The Board found that Eagleville Hospital is not a secure facility. The doors to the hospital are not locked, there is no fencing around the facility, and the hospital does nothing to stop patients from leaving. Additionally, the hospital does not treat parolees differently than other patients with the exception that, if a parolee were to leave the hospital before completing the program, the hospital would notify the parole authorities. Based on these facts, the Board found that the in-patient program does not have sufficient custodial aspects to characterize the time spent there as confinement rather than at liberty. We conclude that the Board has neither acted arbitrarily nor abused its discretion.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, January 18, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.