Anthony JACKSON, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2001.

Decided June 28, 2001.

Kenneth R. Sottile, Edensburg, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before: SMITH and FRIEDMAN, Judges, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Anthony Jackson (Petitioner), petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board), denying Petitioner's request for administrative relief. We affirm.

On April 26, 1993, Petitioner was sentenced to three to seven years imprisonment for receiving stolen property. The minimum expiration date of the sentence was May 11, 1996, and the maximum expiration date of the sentence was May 11, 2000. (R. at 1). Petitioner was released on parole on this sentence on July 2, 1996. As recorded on October 3, 1996, the Board declared Petitioner delinquent effective August 13, 1996. (R. at 22). Petitioner was arrested on November 2, 1996, was subsequently recommitted as a technical parole violator to serve twelve months backtime.[1]

On June 1, 1998, Petitioner was reparoled.[2] (R. at 33). After absconding su-

---

**1.** Petitioner lost two months and twenty-one days, modifying the maximum expiration date of his sentence to August 2, 2000. (R. at 28).

**2.** Petitioner was released to the Alle–Kiski Pavilion, a community corrections center, where he stayed and participated in a drug and alcohol treatment program from June 1, 1998, until he completed the program on September 24, 1998. Thereafter, Petitioner was subject to home monitoring.

pervision, the Board declared Petitioner delinquent effective December 1, 1998. (R. at 37). On September 23, 1999, Petitioner was arrested on various charges and the Board subsequently lodged a warrant against him. (R. at 38). The Board recommitted Petitioner as a technical parole violator to serve fifteen months backtime. (R. at 42).

On March 15, 2000, Petitioner pled guilty to the new charges and was sentenced to a term of six to twelve months imprisonment. Since Petitioner did not post bond, the Board credited him on the new sentence from September 24, 1999, to March 15, 2000, and released him on parole. (R. at 76).

After a hearing held before a hearing examiner on June 7, 2000, the Board recommitted Petitioner to serve twelve months as a convicted parole violator.[3] The order recalculated Petitioner's maximum expiration date of the sentence to June 27, 2002. Petitioner filed a request for administrative relief, arguing that the Board erred in recalculating the maximum expiration date of his sentence. By letter mailed September 7, 2000, the Board denied Petitioner's request for administrative relief and Petitioner petitioned for review.

On appeal to this Court,[4] Petitioner argues that the Board erred in calculating the maximum expiration date of his sentence. Specifically, he asserts that he should receive credit from June 1, 1998, until September 24, 1998, for a total of three months and twenty-three days.[5] Additionally, Petitioner asserts that he should receive credit from September 24, 1998, until December 1, 1998, for a total of two months and eight days.[6] Petitioner contends that the correct maximum expiration date of his sentence is December 15, 2001. Finally, Petitioner argues that the Board erred by adding one month and eleven days backtime to his sentence.[7] We disagree.

■ Initially we note that a petitioner's request for administrative relief must specifically set forth facts or a legal basis for the relief sought. 37 Pa.Code § 73.1; *McCaffrey v. Pennsylvania Board of Probation and Parole*, 113 Pa.Cmwlth. 277, 537 A.2d 78 (1988). Our Supreme Court held in *Cox v. Board of Probation and Parole*, 507 Pa. 614, 493 A.2d 680 (1985), that time spent in an in-patient rehabilitation center may constitute restrictions on a petitioner's liberty sufficient to warrant credit on his maximum expiration date of

3. The Board's order dated June 26, 2000, provides:
Refer to Board action of 11–3–99 to recommit to a state correctional institution as a technical parole violator to serve 15 months backtime; and now recommit as a convicted parole violator to serve twelve months concurrently for a total of 15 months backtime.
(R. at 78).

4. Our scope of review of a Board's recommittal order is limited to determining whether necessary findings were supported by substantial evidence, whether error of law was committed, or whether constitutional rights were violated. *Johnson v. Pennsylvania Board of Probation and Parole*, 706 A.2d 903 (Pa.Cmwlth.1998).

5. During this time period, Petitioner stayed at a community corrections center and was enrolled in a drug and alcohol treatment program.

6. During this time period, Petitioner had completed the treatment program and was placed on house arrest until he was declared delinquent on December 1, 1998.

7. The time period of one month and eleven days refers to the period between July 2, 1996, the date Petitioner was paroled, to August 13, 1996, the effective date Petitioner was declared delinquent.

sentence. However, the Court emphasized that the burden is on the petitioner to show that the specific characteristics of the rehabilitation program restrict his liberty. *Cox,* 507 Pa. at 620, 493 A.2d at 683.

█ Petitioner's request for administrative relief contends that he should receive credit for time spent at the Alle–Kiske Pavilion but failed to show the specific characteristics of that program which would constitute a restraint on his liberty. There is nothing in the record that would lead us to believe that Petitioner was restrained in a manner that would constitute "custody." [8] Therefore, because Petitioner failed to specifically set forth facts regarding the rehabilitation program which might entitle him to credit against his maximum expiration date of sentence, we conclude that the Board properly denied Petitioner's request for administrative relief.

Next, Petitioner argues that he should have received credit for the period between September 24, 1998, through December 1, 1998, for time he was subject to electronic home monitoring. Our Supreme Court has held in *Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898 (1991), that electronic home monitoring does not constitute "imprisonment" for purposes of serving a mandatory minimum sentence. Our highest court has not spoken, however, on the issue of whether electronic home monitoring constitutes "custody" for purposes of receiving credit against a sentence's maximum expiration date. However, the Pennsylvania Superior Court recently held that confinement to one's home was not the equivalent of time served in an institutional setting and denied a defen-

dant's request for credit. *See Commonwealth v. Wilson,* 744 A.2d 290 (Pa.Super.1999).

█ Because the law is clear that electronic home monitoring does not constitute "imprisonment" we also believe that it does not constitute "custody." Moreover, because Petitioner failed to include specific facts regarding the restrictions placed upon him while subject to electronic home monitoring which may be sufficient to warrant credit against his maximum expiration date, we conclude that the Board properly denied Petitioner's request for administrative relief.

█ Finally, Petitioner argues that the Board erred by adding one month and eleven days backtime to his sentence for time he spent at liberty while on parole. However, a convicted parole violator cannot receive credit against his maximum sentence for time spent at liberty while on parole. *Houser v. Pennsylvania Board of Probation and Parole,* 682 A.2d 1365 (Pa. Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 759, 692 A.2d 568 (1997). Section 21.1a of what is commonly referred to as the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended, added by* Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a, specifically provides:

> (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, from which … he pleads guilty … may, at the

---

**8.** *See Jackson v. Board of Probation and Parole,* 130 Pa.Cmwlth. 527, 568 A.2d 1004 (1990)(evidence supported Board's refusal to credit recommitted parole violator with time spent in an in-patient drug and alcohol treatment program against his maximum term ex-

piration date as the hospital was not a secure facility and the parolees were not treated differently from other patients with the exception that the hospital would notify the parole authorities if a parolee left the hospital before completing the program).

discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.

The clear language of the "Parole Act" mandates that Petitioner's time at liberty be added to his maximum expiration date of sentence since he was recommitted as a convicted parole violator. Therefore, we conclude that the Board did not err by adding one month and eleven days backtime to Petitioner's sentence.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 28th day of June, 2001, the order of the Pennsylvania Board of Probation and Parole is hereby affirmed.

SMITH, Judge, dissenting.

I respectfully dissent from the majority's conclusion that a convicted parole violator is not entitled to credit against the maximum sentence for time confined by an electronic home monitoring system. Section 21.1(a) of the Act commonly known as the Parole Act[1] provides that a convicted parole violator who is recommitted "shall be given no credit for the time at liberty on parole." Thus the pertinent question is whether time spent confined by a home monitoring system is time "at liberty on parole." This phrase has never been conclusively defined. *Jackson v. Pennsylva-*

*nia Board of Probation and Parole,* 130 Pa.Cmwlth. 527, 568 A.2d 1004 (1990).

A term that is not defined by the legislature must be construed in accordance with its common and ordinary meaning. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a); *Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898 (1991). It is inconceivable that a person who is confined by the state to one building can be considered at liberty, even when that building is the person's home. The majority relies upon the Supreme Court's holding in *Kriston,* but that decision is unavailing: the Supreme Court in *Kriston* was construing the term "imprisonment" which connotes confinement in an institution. The Superior Court's decision in *Commonwealth v. Wilson,* 744 A.2d 290 (Pa.Super.1999), is similarly of no help because the Superior Court was construing the term "custody" under Section 9760 of the Sentencing Code, *as amended,* 42 Pa. C.S. § 9760, which the court interpreted as confinement in prison. For the forgoing reasons, I respectfully dissent.[2]

---

1. Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(a).

2. With regard to the majority's discussion of backtime, I note that the issues raised and briefed by Petitioner relate only to credit against his maximum sentence. The concept of backtime, by contrast, relates to when a recommitted parole violator will again be eligible for parole, which is in effect a recomputed *minimum* sentence. *Torres v. Pennsylvania Board of Probation and Parole,* 765 A.2d 418 (Pa.Cmwlth.2000).