# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aaron Smith,                   :

            Petitioner       :

                                        :

         v.                        :     No. 1703 C.D. 2015

                                         :     Submitted: June 3, 2016

Pennsylvania Board of Probation     :

and Parole,                         :

            Respondent     :


**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE MICHAEL H. WOJCIK, Judge**
**HONORABLE JAMES GARDNER COLINS, Senior Judge**


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED:  September 15, 2016**


        Petitioner Aaron Smith (Smith) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Smith's request for administrative relief (administrative appeal) of the Board's June 18, 2015 order, which recommitted Smith to serve 18 months backtime for new criminal convictions.  Smith's counsel, James L. Best, Esquire (Counsel), filed a motion for leave to withdraw as counsel.  Counsel asserts that the issues Smith raised in his petition for review are frivolous and lacking in any merit.  We deny counsel's motion but provide Counsel with an opportunity to submit an amended motion for leave to withdraw.

        Smith had been incarcerated at a State Correctional Institution when he was released on parole on December 18, 2012.  (Certified Record (C.R.) at 31).

On December 27, 2013, Smith was arrested and charged with Possession with Intent to Deliver (a felony) and Intentional Possession of a Controlled Substance by Person Not Registered (a misdemeanor). (C.R. 32-39). Smith was convicted of those same charges on December 15, 2014, and was sentenced to a term of 1 year and 6 months to 3 years on April 30, 2015. (C.R. 51-63). The Board conducted a hearing on April 9, 2015, and determined that Smith was a convicted parole violator. (C.R. 68-75). By decision mailed June 18, 2015, the Board forfeited Smith's street time and recommitted him as a convicted parole violator to serve 18 months backtime. (C.R. 95). By that same order, the Board recalculated Smith's maximum sentence date from December 18, 2015, to February 17, 2017, reflecting the 1,095 days remaining on Smith's sentence when he was paroled minus the 436 days of credit for the period he was incarcerated from February 18, 2014, to April 30, 2015, while awaiting sentencing on his new charges. (C.R. 93).

On July 20, 2015, the Board received Smith's administrative appeal, challenging the Board's forfeiture of the period of time he was at liberty while on parole, colloquially referred to as "street time". (C.R. 97). In his administrative appeal, Smith objected to the Board's recalculation of his maximum sentence date. (C.R. 97-100). Specifically, Smith asserted that the Board's forfeiture of his street time was unconstitutional because Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(2), authorized the Board to perform a judicial function and that the Board's imposition of 18 months backtime was excessive. The Board determined that, because Smith was a convicted parole violator, the street time was correctly forfeited under Section 6138(a)(2) of the Parole Code. (C.R. 101-102). By decision mailed July 29, 2015, the Board rejected Smith's administrative appeal, reasoning:

[As] a convicted parole violator you automatically forfeited credit for all of the time that you spent on parole. *See* 61 [Pa. C.S.] § 6138(a)(2). You are not entitled to a back time served credit (*i.e.*, time that you were held solely on the Board's warrant prior to your recommitment order) because you were never incarcerated solely on the Board's warrant. *See Gaito v. Pa. Bd. of Prob. and Parole*, 412 A.2d 568 (Pa. 1980). You received back time credit from February 18, 2014, (date bail posted/made unsecured) to April 30, 2015, (date of conviction) or 436 days. This is because the Board's detainer was the sole source of your detention. Applying 436 days to 1,095 yields a total of 659 days owed (or 1 year, 9 months, 16 days). You became available to begin serving your back time on April 30, 2015, when you were convicted and released by Philadelphia County to Pennsylvania authorities. Adding 659 days to April 30, 2015, yields a new parole violation maximum date of February 17, 2017. Therefore, your parole violation maximum sentence date is correct.

To the extent you allege the Board lacks authority to extend the max date of your original sentence max date, you are incorrect. As a convicted parole violator you automatically forfeited credit for all of the time that you spent on parole. *See* 61 [Pa. C.S.] § 6138(a)(2). You are not entitled to a back time served credit (*i.e.* time that you were held solely on the Board's warrant prior to your recommitment order) because you were never incarcerated solely on the Board's warrant. *See Gaito*, 412 A.2d 568. Furthermore, the Parole Act mandates that your parole time be added to your original maximum sentence date as a recommitted convicted parole violator. *See Jackson v. Pa. Bd. of Prob. and Parole*, 781 A.2d 239 (Pa. Cmwlth. 2001).

(Board's Response to Smith's Petition for Administrative Review, 1-2.)

Before we may consider the merit of Smith's appeal, we must address counsel's motion for leave to withdraw from his representation of Smith. When no constitutional right to counsel is involved in a probation and parole case, an

attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[1]  A constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)).  Smith does not argue that he did not commit the crimes for which he received new criminal convictions, nor does Smith suggest any reasons constituting justification or mitigation for his new criminal conviction.  Thus, Smith only has a statutory right to counsel under Section 6(a) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).  Counsel filed a no-merit letter seeking to withdraw his representation of Smith, and we consider his request to withdraw as

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that, in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit.  An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal.  *Craig v. Pa. Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985).  However, in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

counsel based upon his evaluation of the merits of Smith's appeal, as set forth in his letter.

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[2] *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). Therefore, before considering whether Smith's appeal is without merit and proceeding to make an independent review of the merits of the case, we must first evaluate counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications. Counsel's letter includes a summary of Smith's parole and conviction history, reflecting a thorough understanding of the certified record. It appears, however, that Counsel did not address all of the issues Smith sought to raise in his appeal.

Counsel does not address Petitioner's assertion that he was so

---

[2] Counsel served Smith with his petition for leave to withdraw and his no merit letter. In a letter addressed to Smith, counsel advised him of his right to retain counsel or file a brief on his own behalf. Thus, counsel has complied with these requirements.

confined during his time on parole that he was not truly at liberty. *See Detar v. Pa. Bd. of Prob. and Parole*, 890 A.2d 27, 31 (Pa. Cmwlth. 2006). In his administrative appeal, Smith states that he was subjected to searches by his parole "agent" and was confined in his home while on probation. (C.R. 98). The Board did not address this issue in its response to Smith's administrative appeal, and counsel did not address it in his no-merit letter. Smith, however, points to no evidence in the record which would indicate that his time spent on parole was "sufficiently custodial to be characterized as incarceration." *Id.* Although this argument may ultimately prove to be without merit, in order to satisfy the requirements of *Zerby*, Counsel is required to address this issue.[3]

Accordingly, we deny Counsel's motion for leave to withdraw as counsel.

_____
P. KEVIN BROBSON, Judge

---

[3] We also note that after Counsel served Smith with notice that he was seeking leave to withdraw as counsel, Smith filed a brief on the merits and the Board filed a brief in response. Because we have concluded that Counsel did not satisfy the requirements for withdrawing as counsel, we do not yet reach the merits of the matter.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| Aaron Smith, | | : | |
| | Petitioner | : | |
| | | : | |
| v. | | : | No. 1703 C.D. 2015 |
| | | : | |
| Pennsylvania Board of Probation | | : | |
| and Parole, | | : | |
| | Respondent | : | |

# O R D E R

AND NOW, this 15th day of September, 2016, the motion to withdraw as counsel filed by James L. Best, Esquire, is DENIED. Counsel shall submit either an amended no-merit letter or a brief on the merits of the petition for review filed by Petitioner Aaron Smith within thirty days of the date of this order. If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Petitioner's *pro se* brief shall be deemed stricken and Respondent may submit a revised brief, at its discretion, but must do so within thirty days of the date Counsel files a brief on the merits.

_____
P. KEVIN BROBSON, Judge