IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Wayne Sides, : 
        Petitioner : 
         : 
        v. : No. 725 C.D. 2016
         : SUBMITTED: December 2, 2016
Pennsylvania Board of Probation and : 
Parole, : 
        Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE JULIA K. HEARTHWAY, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE HEARTHWAY         FILED: April 12, 2016

Anthony Wayne Sides petitions for review of the April 13, 2016, decision of the Pennsylvania Board of Probation and Parole (Board), which affirmed the Board's decision mailed October 30, 2015, denying Sides credit on his original sentence for the time he spent while on parole at the Gaudenzia First Program, a community contract facility in Philadelphia (Gaudenzia).[1] We affirm.

Sides was originally sentenced to two-to-four years of incarceration for a probation violation and criminal conspiracy to commit first degree murder.

---

[1] Gaudenzia is a private entity that contracts with the Department of Corrections, Bureau of Community Corrections to house and treat parolees.

Sides' maximum release date was set at October 24, 2014. On November 20, 2012, the Board paroled Sides to reside at Gaudenzia with the condition of successful completion of the program at Gaudenzia. Sides resided at Gaudenzia from November 20, 2012 until March 26, 2013. On March 26, 2013, Sides completed the program at Gaudenzia and moved to an approved residence.

On May 11, 2014, Sides was arrested and placed into the Chester County Prison. On that same date, the Board filed an order to detain Sides for 48 hours. On May 12, 2014, the Board issued a warrant to commit and detain Sides. On June 24, 2014, the Board, after a preliminary parole hearing, issued an order to detain Sides pending disposition of his criminal charges. Thereafter, Sides pled guilty to possession of an instrument of crime, unlawful restraint, and simple assault. On July 18, 2014, Sides was sentenced to two-to-four years of incarceration. On September 2, 2014, Sides waived his revocation hearing before the Board. By decision mailed November 7, 2014, the Board recommitted Sides as a convicted parole violator (CPV) to serve 18 months backtime with no credit for his time at liberty on parole. Sides' maximum release date was set at September 4, 2016.[2]

On December 1, 2014, Sides filed a request for an administrative review, seeking credit for the time he resided at Gaudenzia. The Board scheduled an evidentiary hearing for October 15, 2015, at which Sides testified regarding his

_____

[2] The Board noted that this case is not moot because, even though Sides' maximum release date has passed, the time credited is relevant to when he begins serving the sentence on his new criminal charges.

time at Gaudenzia from November 20, 2012, to March 26, 2013. A counselor at Gaudenzia also testified regarding the facility and Sides' time there.

Following the hearing, the Board found that "Sides was not a resident of a secure facility during the requested time credit period. . . ." (Board Decision, F.F. No. 1, at 2.) The Board further found that "Gaudenzia . . . did not detain Sides or refuse Sides' right to depart the facility under his own power." (*Id.*)

> The facility did not restrict Sides' ability to leave because residents were not locked in their rooms, the doors were not locked from the inside going to the outside area and residents were permitted to leave the facility for approved periods without escort or restraints. There was no fence around the facility nor were there bars on windows and/or doors. Sides verified that while he was a resident, he routinely signed out on passes.

(*Id.*, F.F. No. 2, at 2.) The Board in its decision mailed October 30, 2015, concluded that Sides' request for credit for his time at Gaudenzia was "unsubstantiated and without merit" and denied his request. (*Id.*, C.L. No. 4, at 2.) Sides appealed.

On April 13, 2016, the Board's appeal panel found no grounds to grant administrative relief and affirmed the Board's October 30, 2015 decision. Sides now petitions this Court for review.[3]

---

[3] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3

Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(2), provides that a parolee who is recommitted as a CPV "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole."[4] The term "at liberty on parole" is not defined in the Code. Our Supreme Court has determined that it is the parolee's burden to establish that the restrictions he was under while "at liberty on parole" were the equivalent of incarceration, thus, entitling him to credit. *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985).

This Court has repeatedly held that parolees are not entitled to credit for time they have resided in community corrections centers, community corrections facilities, or inpatient treatment programs where the Board determined that the parolees failed to meet their burden of proving that the restrictions on their liberty were the equivalent of incarceration. *Medina v. Pennsylvania Board of Probation and Parole*, 120 A.3d 1116, 1119 (Pa. Cmwlth. 2015). In determining whether a facility's restrictions are equivalent to incarceration, this Court has considered the structural conditions of the facility, the rules of the facility, whether the facility was locked, whether a parolee could leave unescorted, whether a parolee would be prevented from leaving the facility, whether a parolee would be treated as an absconder or an escapee if he left the facility, and whether the facility

---

[4] Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1), provides that "[t]he [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole …."

had a fence. *Id.* at 1119-20. However, the most important factors are: (1) whether the facility is locked or secured; and (2) whether a parolee is able to leave the facility without being restrained or escorted. *Meleski v. Pennsylvania Board of Probation and Parole*, 931 A.2d 68, 73 n. 4 (Pa. Cmwlth. 2007). A reviewing court may "not interfere with the Board's determination of that issue unless it acts arbitrarily or plainly abuses its discretion." *Cox*, 493 A.2d at 683; *see Jackson v. Pennsylvania Board of Probation and Parole*, 568 A.2d 1004, 1006 (Pa. Cmwlth. 1990).

Here, Sides argues that Gaudenzia was sufficiently restrictive to be considered incarceration. Specifically, Sides asserts that upon arrival at Gaudenzia he had to be buzzed into the facility by a receptionist, and was met by staff, searched, and given the rules and regulations of the facility. While a resident, Sides further contends he was not permitted to leave until he reached a certain level, was mandated to attend morning meetings, and was subject to head-counts and being observed on monitors placed throughout the building.

The Board, however, found that Gaudenzia: (1) was not a secure facility; (2) did not detain or refuse Sides' right to depart the facility under his own power; (3) did not restrict Sides' ability to leave; (4) did not lock any resident in his room; (5) did not lock doors from the inside going outside; (6) permitted residents to leave for approved periods without escorts or restraints; (7) did not have a fence around the facility, or bars on the windows and doors; and (8)

routinely permitted Sides to sign out on passes.[5]  (Board Decision, 10/30/15, F.F. Nos. 1-2.)  The Board determined that Gaudenzia does not have sufficient custodial aspects to characterize the time spent there as confinement rather than at liberty.  A careful review of the testimony, including Sides' own statements, provide substantial evidence to support the Board's finding.

Accordingly, because the Board has not acted arbitrarily or abused its discretion, we affirm.

_____
JULIA K. HEARTHWAY, Judge

---

[5] The record reflects that Sides was permitted to leave Gaudenzia, and did so on many occasions starting December 3, 2012.  (Supp. C.R. at 25a.)  The record also reflects that Sides could have left anytime he chose, but that he did not leave the facility for 13 days, from November 20 to December 3, 2012.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Wayne Sides,          :
          Petitioner     :
                      :
        v.            :  No. 725 C.D. 2016
                      :
Pennsylvania Board of Probation and :
Parole,                 :
          Respondent   :

O R D E R

AND NOW, this 12th day of April, 2017, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge

Anthony Wayne Sides,　　　　　　　　　:
　　　　　　　　　Petitioner　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
Pennsylvania Board of　　　　　　　　　:
Probation and Parole,　　　　　　　　　:　　No. 725 C.D. 2016
　　　　　　　　　Respondent　　　　　　:　　Submitted: December 2, 2016


BEFORE:　　HONORABLE ROBERT SIMPSON, Judge
　　　　　　HONORABLE JULIA K. HEARTHWAY, Judge
　　　　　　HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE　　　　　　　　　　FILED: April 12, 2017


　　　　　This is not the first time this Court has addressed questions of whether time spent in the Gaudenzia First program while on parole may be credited to the parolee. In *Meleski v. Pennsylvania Board of Probation and Parole*, 931 A.2d 68 (Pa. Cmwlth. 2007), a case relied upon by the majority to support a portion of its decision, this Court found the parolee eligible for credit for his time at Gaudenzia prior to his taking a test for "phase two" status. In the present case, the Board's witness, Louise King, a Gaudenzia counselor, testified that Gaudenzia has in place a "level system, and that an offender has to reach a certain level before they [sic] can leave the facility." (Brief of Respondent at 7.) According to Ms. King, "she believed it took Sides two weeks to get to level one, and at that level, Sides could leave the facility with a pass." *Id.*

Mr. Sides experienced, at least in his initial phase, sufficient restriction in the same rehabilitation entity as the *Meleski* petitioner, to find that he was "not at liberty on parole."  As the Board was wrong in its assessment of the Gaudenzia restrictions in *Meleski*, it is wrong here as well.  Since the majority finds otherwise, I must dissent.


_____
JOSEPH M. COSGROVE, Judge