David TORRES, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 2000.

Decided Dec. 26, 2000.

---

David Crowley, Bellefonte, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before SMITH, Judge, KELLEY, Judge, and RODGERS, Senior Judge.

KELLEY, Judge.

David Torres petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying Torres' request for administrative relief from a Board order recommitting Torres to a state correctional institution as a technical parole violator to serve 18 months backtime. We vacate and remand with directions.

Torres was originally sentenced in August 1991 to a term of 7 years to 15 years for the offense of aggravated assault. The sentence carried a minimum release date of February 27, 1998 and a maximum release date of July 27, 2006. On September 1, 1998, Torres was released on parole. On March 7, 1999, Torres was arrested in Philadelphia on new criminal charges.

On March 8, 1999, the Board issued a warrant to commit and detain Torres for violation of his parole. On July 23, 1999, the criminal charges were dismissed against Torres due to lack of prosecution.

On August 11, 1999, the Board cancelled its March 8, 1999 warrant and issued a new warrant to commit and detain Torres for technical violations of his parole, specifically, violation of condition 5B prohibiting the possession of a weapon, and condition 5C prohibiting assaultive behavior. On September 30, 1999, Torres waived his right to a preliminary hearing and requested a panel hearing. On October 18, 1999, the Board issued a notice of charges and hearing. A panel violation hearing was scheduled for November 9, 1999.

The November 9, 1999 hearing was continued until November 23, 1999 for failure of the witnesses subpoenaed by the Board to attend. Torres' attorney objected to the continuance but the objection was overruled for good cause. However, the hearing scheduled for November 23, 1999 was continued to December 9, 1999 due again to the unavailability of the Board's witnesses. Torres' attorney objected to the continuance on the basis of undue delay but the objection was overruled for good cause to allow an application for enforcement to be filed with this Court. The hearing scheduled for December 9, 1999 was also continued to permit an application for enforcement to be filed with this Court when the subpoenaed witnesses again failed to appear.

On January 19, 2000, this Court, after a hearing, issued an order granting the Board's application for order to enforce subpoena and ordered Nereda DeLeon to appear and testify at a parole violation hearing scheduled for February 9, 2000. A parole violation hearing was held on February 9, 2000 at which Ms. DeLeon appeared and testified. Also appearing and testifying were Officer McGinnis and Torres.

At the February 9, 2000 hearing counsel for Torres objected to the timeliness of the hearing and made an oral motion that the charges be dismissed as the hearing was being held beyond the required 120 day period. Torres' motion was denied.

By decision mailed March 14, 2000, the Board recommitted Torres to a state correctional institution to serve 18 months backtime for multiple technical parole violations. The evidence relied on by the Board was Torres' prior admission to condition 5C and the testimony of Officer McGinnis and Nereda DeLeon. The Board set review of Torres' parole as "in or after February 2001" and his violation maximum date remained July 27, 2006.

Torres filed a timely *pro se* request for administrative relief. Therein, Torres challenged, *inter alia*, the timeliness of the

parole revocation hearing and the calculation of the 18 months of backtime imposed by the Board. Torres averred that the Board erred when it recomputed his parole minimum date as February 2001 and did not include credit from March 1999 to the present. Torres averred that he was granted ROR bail on March 15, 1999 and even after he was found innocent of the new criminal charges he was confined totally due to the Board's warrant.

■ By decision mailed May 17, 2000, the Board denied Torres' request for administrative relief. The Board stated that Torres was not entitled to credit toward the 18 month recommittal period applicable to his technical parole violations for the time the Board's detainer was lodged against him before August 11, 1999 solely because of new criminal charges that were dismissed. In addition, the Board stated that the period of delay in holding the parole violation hearing was attributable to reasonable and necessary continuances granted to the parole agent to seek judicial enforcement of the Board's subpoena for Nereda DeLeon. Therefore, the delay was properly excluded from the computation of the 120–day period for holding a violation hearing. This appeal followed.[1]

Torres raises the following issues in this appeal: (1) Whether the parole violation hearing was untimely as it was held more than 120 days following the preliminary hearing; (2) Whether the established parole review availability date fails to credit Torres with all the time he has been incarcerated solely on Board warrants by virtue of Torres' posting bail; and (3) Whether the Board's response that Torres is not entitled to credit against his recommitment prior to the dismissal of new criminal charges and the Board detention on a violation for assaultive behavior based on the same act violates the rule in *Rivenbark v.*

*Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985).

Torres first argues that his parole violation hearing was untimely as it was held 139 days after his preliminary hearing. Torres contends that the delay in holding the parole violation hearing was not in anyway attributable to him or his counsel. Torres contends further that it was unreasonable and unjustifiable for the Board to wait until 111 eleven days had elapsed to seek assistance in enforcing its subpoena. Therefore, Torres argues, the Board should have dismissed the technical violations of his parole.

■ Pursuant to 37 Pa.Code § 71.2(10), if a parole violation hearing is scheduled, it shall be held not later than 120 days after the preliminary hearing. Pursuant to 37 Pa.Code § 71.5(c)(3), in determining the period for conducting a parole violation hearing, there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to reasonable or necessary continuances granted to, or occurrences related to, the Board or its employees. When a parolee asserts that the Board held a parole revocation or violation hearing beyond the 120–day period, the Board bears the burden of proving, by a preponderance of the evidence, that it conducted the hearing in a timely manner. *Mack v. Pennsylvania Board of Probation and Parole,* 654 A.2d 129 (Pa.Cmwlth.1995). If the Board fails to sustain its burden, the appropriate remedy is a dismissal of the parole violation charges with prejudice. *Id.*

■ Herein, the parole violation hearing was held outside the required 120–day period because the witnesses originally subpoenaed by the Board failed to appear. The regulations clearly provide that any

---

1. This Court's scope of review of a decision by the Board is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704, *Gaito v. Pennsylvania Board of Probation and Parole,* 128 Pa.Cmwlth. 253, 563 A.2d 545 (1989), *petition for allowance of appeal denied,* 525 Pa. 589, 575 A.2d 118 (1990).

delay attributable to reasonable or necessary continuances granted to the Board shall be excluded from the 120–day period. We hold that the delay in this case attributable to the Board's efforts to secure the testimony of subpoenaed witnesses was reasonable and necessary. Therefore, we reject Torres' claim that the charges against him should be dismissed with prejudice.

Next, Torres argues that the parole review availability date fails to credit him with all the time he had been incarcerated solely on Board warrants. Torres points out that he has been continuously detained solely on Board warrants since March 8, 1999 and that his parole review availability date of February 2001 fails to credit him with all the time he has been incarcerated solely on Board warrants by virtue of having his criminal charges dismissed. Mr. Torres contends that with an assessed period of backtime of 18 months, he should be eligible for review for reparole in September 2000 not February 2001. Mr. Torres argues that the failure to credit the assessed amount of backtime with all time served back to the date of the original detainer of March 8, 1999, contravenes the Supreme Court's holding in *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), that confinement credit be applied to backtime where the parolee has either satisfied the conditions of bail or no new sentence is imposed.

In *Gaito*, the Supreme Court established that if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. *Gaito*, 488 Pa. at 403, 412 A.2d at 571. However, if a defendant remains confined prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence. *Id.* at 403–404, 412 A.2d at 571.

The Supreme Court noted further in *Gaito* that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge the pre-trial custody time must be applied to the parolee's original sentence. *Id.* at 404 n. 6, 412 A.2d at 571 n. 6. In *Smarr v. Pennsylvania Board of Probation and Parole*, 748 A.2d 799 (Pa.Cmwlth.2000), this Court stressed that the foregoing exception only applies if a parolee is not convicted or if no new sentence is imposed. In addition, this Court has noted that the Supreme Court's notation in *Gaito*, which provides that a parolee shall have backtime credited if he is not convicted of new charges or no new sentence is imposed for a new conviction, was dicta and did not erode the Supreme Court's holding that a parolee does not get backtime credited unless he is able to meet the requirements of bail for new criminal charges and is incarcerated solely on the Board's detainer. *Owens v. Pennsylvania Board of Probation and Parole*, 753 A.2d 919, 921 n. 4 (Pa.Cmwlth.2000) (citing *Smarr*).

■ We point out that in *Gaito*, and the cases decided thereafter, the matter at issue was the correct calculation of a parolee's maximum date. The instant case however is dealing strictly with backtime imposed as a technical parole violator and a recalculation of a parolee's minimum term and not his maximum term. Torres' maximum date did not change. As explained by this Court in *Krantz v. Pennsylvania Board of Probation and Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044, 1047 (1984) (citations omitted):

> [U]nder Pennsylvania law, the sentence imposed for a criminal offense is the maximum term. The minimum term merely sets the date prior to which a prisoner may not be paroled. Under Pennsylvania law a prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner's minimum term. A prisoner has a right only to apply for parole at the expiration of his or her minimum

term and have that application considered by the Board. The significance of a parolee's minimum term is that it establishes a parole eligibility date.

We are also compelled to distinguish the backtime imposed by the Board upon parole violators from sentences imposed by the judiciary upon convicted criminal defendants. A "sentence" has been defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a criminal prosecution which awards the punishment to be inflicted. By comparison, "backtime" is merely that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding after a civil administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole. We have previously held that the Board's imposition of backtime is not a sentence on the parole violation nor analogous to a sentence. Rather, when the Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a recomputed minimum term. Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application.

With these principles in mind, we turn to Torres' argument that his minimum parole review availability date should be September 2000 not February 2001. Although Torres claims that he posted ROR bail on March 15, 1999 in his request for administrative relief, and less specifically in his brief filed with this Court, there is no evidence in the record certified to this Court to support Torres' contention. Therefore, we will proceed as if Torres was not granted ROR and was not confined solely with respect to a Board warrant commencing March 8, 1999, the date the Board lodged its first detainer to com-

mit and detain Torres with respect to the new criminal charges.

■ The new criminal charges lodged against Torres were dismissed for lack of prosecution on July 23, 1999. Accordingly, during the time period March 8, 1999 through July 23, 1999, Torres was confined awaiting trial on the new criminal charges and because he did not post bail, he was not confined solely with respect to a Board warrant for that time period. Thus, according to the general rule in *Gaito,* even though Torres was not convicted of the new criminal charges, he is not entitled to credit to the 18 months of backtime imposed by the Board. However, as of July 23, 1999, Torres was being detained solely with respect to a Board warrant. The record shows that it was not until August 11, 1999, that the Board canceled its March 8, 1999 warrant to commit and detain Torres with respect to the new criminal charges. The record shows further that on that same date, August 11, 1999, the Board issued a new warrant to commit and detain Torres with respect to the technical violations of his parole. Therefore, from July 23, 1999 forward, Torres was being confined solely based on a Board warrant. Accordingly, when calculating Torres' parole review availability date, Torres was entitled to credit on the backtime imposed as a technical parole violator with respect to the time period of July 23, 1999 until August 11, 1999, the date the Board began its calculation of Torres' parole review availability date.

■ Finally, Torres argues that the Board's response that he is not entitled to credit against his recommitment prior to the dismissal of the new criminal charges and the Board's detention on a technical violation based on the same act violates the rule set forth in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). We disagree.

In *Rivenbark,* the Supreme Court held that "a parolee may not be recommitted as

a technical violator based upon an act constituting a new crime of which he is convicted." *Rivenbark*, 509 Pa. at 255, 501 A.2d at 1114. Herein, it is undisputed that Torres was not convicted of a new crime. Accordingly, the rule in *Rivenbark* is not applicable to the instant case.

Thus, the Board's order is vacated and this matter is remanded for a recalculation of Torres' parole review availability date in accordance with the foregoing opinion.

## *O R D E R*

AND NOW, this 26th day of December, 2000, the order of the Pennsylvania Board of Probation and Parole is vacated and this matter is remanded for a recalculation of David Torres' parole review availability date in accordance with the foregoing opinion. It is further ordered that the Pennsylvania Board of Probation and Parole shall issue a recalculation order within twenty (20) days of the date of this order indicating when David Torres is available for parole review.

Jurisdiction relinquished.

Judge SMITH dissents.