Gary MAJORS, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 30, 2002.

Decided Oct. 2, 2002.

Maribeth Schaffer, Ebensburg, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY PRESIDENT JUDGE COLINS.

Gary Majors petitions for review of the order of the Pennsylvania Board of Probation and Parole that recommitted him as a technical parole violator for a period of twelve months.

After completing the minimum four years of a ten-year sentence, Majors was paroled to a community corrections center and completed that program in October 2001. On November 1, 2001, Majors was arrested pursuant to a warrant issued by parole agent William Neumann to commit and detain Majors for violation of conditions no. 5c (refrain from assaultive behavior) and no. 7 (curfew). According to the notice of charges, Vanessa Rogers reported to parole authorities that on October 31, 2001, at 10:45 p.m. Majors assaulted her in a parking lot in Chester, Pennsylvania and repeatedly punched her in the face. The notice set a violation hearing date of December 5, 2001.

On December 5, the hearing examiner continued the hearing until January 4, 2002 because of the unavailability of witness Vanessa Rogers. The January 4 hearing was continued until January 9 for the same reason, and on January 9, the hearing was continued until further notice for the enforcement of a subpoena. On January 28, 2002, the Board filed with this Court a petition for enforcement of a subpoena; a hearing on that matter was continued at Rogers's request upon her representation that she would appear at a March 19, 2002 violation hearing.

At the March 19, 2002 violation hearing, counsel for Majors moved for dismissal on the ground that the violation was not held within the required 120–day period; the motion was denied. Parole agent Steve Lucey testified that on November 1, 2001, Ms. Rogers came to the Chester parole office with her face swollen and bruised and gave a signed statement. The Commonwealth presented photographs of Ms. Rogers taken by supervisor Ellis. On advice of counsel, Ms. Rogers exercised her Fifth Amendment right against self-incrimination and refused to answer any questions. Ruling that the witness was unavailable for the purposes of the violation hearing, the Board admitted Ms. Rogers's signed statement, over the objections of Majors's counsel, based on the foundation testimony of supervisor Ellis.[1] According to the statement, Majors and Ms. Rogers argued in the parking lot adjacent to her place of employment and he began punching her; she retreated to her car

1. Ellis testified that in the presence of agent Lucey, he took Ms. Rogers's statement against Majors in connection with the October 31, 2001 incident and that she reviewed and signed the statement in his presence.

where she used her cell phone to call Chester police; and Majors fled. Also according to the statement, Rogers intended to press charges and get a restraining order and agreed to testify at a parole violation hearing. Based on evidence presented, the Board recommitted Majors for a period of twelve months; the Board subsequently denied his application for administrative relief.

On appeal to Commonwealth Court,[2] Majors raises two issues: 1) whether the Board violated his due process rights when it held his violation hearing beyond the required 120–day period and the delay was attributable solely to the Commonwealth; and 2) whether the Board violated his due process rights when it recommitted him based solely on hearsay evidence.

Pursuant to 37 Pa.Code § 71.2(10), if a parole violation hearing is scheduled, it must be held within 120 days after the preliminary hearing. In determining the period during which a hearing must be conducted, the regulations exclude any delay directly or indirectly attributable to reasonable or necessary continuances granted to the Board or its employees. 37 Pa.Code § 71.5(c)(3). When a parolee avers that the Board held a violation hearing beyond the 120–day period, the Board bears the burden of proving by a preponderance of the evidence that it conducted the hearing in a timely manner; otherwise the parole violation charges will be dismissed with prejudice. *Torres v. Pennsylvania Board of Probation and Parole*, 765 A.2d 418 (Pa.Cmwlth.2000), *petition for al-*

*lowance of appeal denied*, 567 Pa. 718, 785 A.2d 92 (2001).

We have previously held that "the delay attributable to the Board's efforts to secure the testimony of subpoenaed witnesses is reasonable and necessary." *Id.* at 422. In this case, the violation hearing was delayed by continuances necessitated by the Board's efforts to secure the testimony of its witness, Ms. Rogers; therefore, those periods of delay are excluded from the calculation of the 120–day period. Excluding those periods, Majors's violation hearing was held within 120 days of his preliminary hearing.

The Pennsylvania Rules of Evidence are not strictly applicable in recommitment proceedings.[3] In parole violation hearings, where a witness is unavailable,[4] hearsay is admissible over the objection of the parolee's counsel and can form the basis for finding a violation of a condition of parole when the Board finds good cause for denying the parolee his rights of confrontation and cross-examination. *McCabe v. Pennsylvania Board of Probation and Parole*, 700 A.2d 597 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 555 Pa. 736, 725 A.2d 184 (1998). Good cause to admit hearsay when the declarant is unavailable may be based upon a finding of some intrinsic indicia of reliability and corroboration by other evidence of record. *Price v. Pennsylvania Board of Probation and Parole*, 781 A.2d 212 (Pa.Cmwlth. 2001); *Myers v. Pennsylvania Board of Probation and Parole*, 97 Pa.Cmwlth. 574, 510 A.2d 387, 388 n. 1 (1986).

---

**2.** Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

**3.** Pa. R.E. 101(a) (rules govern in all court proceedings).

**4.** A witness is considered to be unavailable, as in this case, when she is exempted from testifying by ruling of the court on grounds of privilege or refuses to testify despite an order of court. Pa. R.E. 804(a)(1) and (2).

In *McCabe*, we upheld the Board's admission of a witness's notarized statement based on its determination of good cause for disallowing the parolee to confront a witness who had been subpoenaed but was medically unable to appear. In this case, as in *McCabe*, the record shows that Commonwealth made every effort to secure Ms. Rogers's appearance, and it had no notice that she would refuse to testify. Based on the witness's unavailability despite the Commonwealth's efforts, the Board found good cause for denying Majors his right to confront the witness. The Board properly admitted Ms. Rogers's signed statement, which is corroborated by the testimony Agent Lucey and photographs of Ms. Rogers's injuries. Agent Lucey testified that when Ms. Rogers came to the parole office, he observed visible injury to her face and handwrote her statement, which she read and signed. Photographs of Ms. Rogers support Agent Lucey's testimony and the signed statement. With that evidence, the Board met its burden of proving the parole violations charged.

Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 2nd day of October 2002, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.