**George GRIGGS, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 2006.

Decided Feb. 20, 2007.

---

Virginia Murtha Cowley, Wilkes–Barre, for petitioner.

John C. Manning, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, COHN JUBELIRER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

In this petition for review, George Griggs challenges the order of the Pennsylvania Board of Probation and Parole (Board) recommitting him to a state correctional institution (SCI) to serve six months backtime as a technical parole violator. The following issue is presented for our review: whether the Board failed to hold a timely violation hearing within 120 days of Griggs's preliminary hearing when three continuances were granted in order to secure the testimony of the victim. Subsequent to filing this petition for review, Griggs filed a pro se Motion for Leave of Court to Submit a Supplemental Brief (Motion to Supplement), alleging that his appointed counsel, Virginia Murtha Cowley of the Public Defender's Office of Luzerne County (Public Defender), failed to raise three issues which he intended to raise before this Court. In response, the Board filed a Motion to Suppress Petitioner's Pro Se Supplemental Brief (Motion to Suppress), arguing that a represented prisoner may not file a pro se

brief in addition to a brief filed by his counsel. For the reasons stated below, we will grant the Board's Motion to Suppress Petitioner's Pro Se Supplemental Brief, Deny Griggs's Motion to Supplement, and affirm the order of the Board.

I.

In January 1982, the Court of Common Pleas of Philadelphia County (trial court) sentenced Griggs to ten to twenty years incarceration after he pled guilty to two counts of robbery and two counts of criminal conspiracy. (Sentence Status Summary, R. 1.) Griggs received a sentence effective date of January 12, 1991 with a minimum date of January 12, 2001 and a maximum date of January 12, 2011.[1] (Sentence Status Summary, R. 1.) In July 2001, the Board granted Griggs parole and released him on August 27, 2001. (Order to Release on Parole/Reparole, R. 14.) On August 11, 2005, Ruby Brown provided a written statement to a Board supervisor alleging that Griggs punched her, slapped her, and threatened to kill her and her brother. (Supervision History, R. 22.) On this same day, and in reliance on Brown's statement, Board agents arrested Griggs at his residence. (Supervision History, R. 22.) On August 22, 2005, Board agents charged him with a technical parole violation for failing to refrain from assaultive behavior. (Notice of Charges and Hearings, R. 23.) The Board then held a preliminary hearing on August 24, 2005 and found the existence of probable cause for the technical parole violation. (Preliminary/Detention Hearing Report, R. 25–27.) A violation hearing was scheduled for November 29, 2005, but later continued to

December 5, 2005 because Brown did not appear. (Request for Continuation of Hearing 11/29/2005, R. 30.) The Board again continued the December 5, 2005 hearing to December 20, 2005 because of Brown's failure to appear. (Request for Continuation of Hearing 12/5/2005, R. 31.) On December 20, 2005, the Board continued the hearing in order to enforce the subpoena against Brown. (Request for Continuation of Hearing 12/20/2005, R. 32.)

On January 9, 2006, the Board filed an enforcement action against Brown in this Court in order to compel Brown to attend the violation hearing. *Pennsylvania Board of Probation and Parole v. Brown* (No. 9 M.D. 2006, filed Feb. 6, 2006). On February 6, 2006, this Court ordered Brown to appear and testify at Griggs's violation hearing on March 14, 2006 at SCI–Graterford.

■ On March 14, 2006, the Board held Griggs's violation hearing at which Brown appeared and testified. (Hearing Report, R. 33.) Counsel for Griggs at the time objected to the timeliness of the hearing, claiming the hearing went well beyond the 120–day limit prescribed by the Board's regulations. (Violation Hearing Tr. 3/14/2006 at 4–5, R. 45–46.) An agent of the Board responded by noting the subpoena enforcement action. (Violation Hearing Tr. 3/14/2006 at 5–6, R. 46–47.) The Hearing Examiner deferred ruling on the objection and heard the merits of the case. On April 11, 2006, the Board recommitted Griggs to an SCI to serve six months backtime as a technical parole violator for violating condition # 5C—"failure to refrain from assaultive behavior." (No-

---

1. In August 1981, the trial court sentenced Griggs to ten to twenty years incarceration for one count of burglary. (Sentence Status Summary, R. 3.) This sentence had an effective date of August 18, 1981 and a minimum date of August 18, 1991, which would explain why Griggs's January 1982 sentence had an effective date of January 12, 1991 with a commitment credit of seven months and six days. (Sentence Status Summary, R. 3; Sentence Status Summary, R. 1.)

tice of Board Decision 4/11/2006, R. 109.) Griggs filed an administrative appeal, and on May 17, 2006, the Board affirmed the revocation of parole. This petition for review followed.[2]

## II.

■ Before reaching the merits, we must first address Griggs's pro se supplemental brief. In August 2006, the Public Defender filed a petitioner's brief raising one issue for review before this Court. In December 2006, Griggs filed his Motion to Supplement along with a copy of his supplemental brief which addresses three additional arguments.[3] The Board responded by filing a Motion to Suppress, arguing that Griggs is prohibited from filing a pro se brief while he is simultaneously represented by counsel.

In *Winters v. Pennsylvania Board of Probation and Parole,* 94 Pa.Cmwlth. 236, 503 A.2d 488, 493 (1986), *overruled on other grounds by Jester v. Pennsylvania Board of Probation and Parole,* 141 Pa. Cmwlth. 355, 595 A.2d 748, 751 (1991), this Court disallowed the contemporaneous filing of briefs by both the prisoner and his counsel. In *Winters,* the prisoner challenged the Board's order in this Court and filed a motion to dismiss his attorney as well as a pro se brief. Before issuing an opinion on the merits, this Court denied the motion to dismiss the prisoner's attorney and quashed the pro se brief. Subsequently, the prisoner filed a motion for reconsideration. Addressing whether the Court erred in quashing the pro se brief, we recognized that to "allow both the prisoner and the counsel to represent the issues to this Court would impede review of the merits of the prisoner's appeal." *Winters,* 503 A.2d at 493. Allowing both counsel and the prisoner to proceed simultaneously would be "an absurd result." *Id.* This Court held that 42 Pa.C.S. § 2501[4] allows either the "use of counsel in one instance," or "at another time proceeding pro se." *Id.*

In a different context, the Pennsylvania Supreme Court has also addressed this same issue involving a direct appeal of a criminal conviction. In *Commonwealth v. Ellis,* 534 Pa. 176, 626 A.2d 1137 (1993), the criminal defendant attempted to file a pro se brief before the Court after his counsel filed an appellate brief. Terming this "hybrid representation," the Court held the defendant enjoyed "no constitutional right to hybrid representation either at trial or on appeal." *Ellis,* 534 Pa. at 180, 626 A.2d at 1139. Moreover, the Court addressed the policy considerations for allowing such an appeal and found the defendant "may not ... confuse and overburden the court by his own pro se filings of briefs at the same time his counsel is filing briefs on his behalf." *Id.* at 184, 626 A.2d at 1141.

Similarly here, Griggs may not file a pro se brief when he is currently represented

---

2. On a petition for review from a decision of the Board, this Court reviews whether the Board's findings are supported by substantial evidence, consistent with law, and whether the Board violated constitutional rights. *Figueroa v. Pennsylvania Board of Probation and Parole,* 900 A.2d 949, 951 n. 2 (Pa.Cmwlth. 2006).

3. These arguments are: (1) the Board abused its discretion in finding Griggs as a technical parole violator since the Board failed to present sufficient evidence to support the violation; (2) the Board abused its power by denying Griggs's request for a full Board hearing; and (3) the Board deprived Griggs of due process since the official who arrested Griggs at his residence was also directly involved in his violation hearing.

4. 42 Pa.C.S. § 2501(a) reads: "[i]n all civil matters before any tribunal every litigant shall have a right to be heard, by himself and his counsel, or by either of them."

by counsel who already filed a petitioner's brief on his behalf in this Court. As both *Winters* and *Ellis* recognized, such hybrid representation impairs the efficacy of appellate advocacy and burdens the Court with competing arguments from the same party. Aptly put by the Pennsylvania Supreme Court, "[a]ppellate advocacy is measured by effectiveness, not loquaciousness." *Ellis*, 534 Pa. at 183, 626 A.2d at 1140–41 (quoting Ruggero J. Aldisert, *The Appellate Bar: Professional Responsibility and Professional Competence–A View From the Jaundiced Eye of One Appellate Judge*, 11 Cap. U.L.Rev. 445, 458 (1982)). Therefore, we will grant the Board's Motion to Suppress Petitioner's Pro Se Supplemental Brief, and proceed to address the argument raised in the Public Defender's brief.

### III.

▪ Griggs claims the Board did not hold a timely violation hearing within 120 days of his preliminary hearing. The Board held the preliminary hearing on August 24, 2005, and the violation hearing did not occur until March 14, 2006, well over the 120–day limit. Because the burden is on the Board to demonstrate the timeliness of the violation hearing, Griggs argues the Board failed to sufficiently offer or explain at the violation hearing the circumstances surrounding the Board's efforts to obtain Brown's testimony. Griggs asserts that due to the insufficient explanation, the delay was unreasonable. Griggs asks this Court to vacate the order of the Board recommitting him to serve six months backtime.

▪ Under the Board's regulations, 37 Pa.Code § 71.2(10), the procedures for a parolee facing charges of a technical parole violation mandate a violation hearing be held within 120 days of the parolee's preliminary hearing. In this computation of

time, 37 Pa.Code § 71.5(c)(3) excludes "[r]easonable or necessary continuances granted to, or occurrences related to, the Board or its employes." When a parolee raises the timeliness of his violation hearing, the burden lies on the Board to demonstrate, by a preponderance of the evidence, that it timely held the hearing. *Torres v. Pennsylvania Board of Probation and Parole*, 765 A.2d 418, 421 (Pa. Cmwlth.2000). If the Board fails to meet its burden, the Court will, as a remedy, dismiss the parole violation charge with prejudice. *Id.*

Applying these regulations, this Court has previously recognized continuances to be reasonable and necessary when they were based on the Board's efforts to secure the testimony of a witness. In facts strikingly similar to the ones here, the parolee in *Torres* challenged the timeliness of his violation hearing when the Board held it 139 days after the preliminary hearing. *Torres*, 765 A.2d at 421. There, the Board continued the violation hearing three times because the Board's subpoenaed witness failed to appear. At the last continuance, the Board pursued an enforcement action in this Court to compel the subpoenaed witness to appear. We held "the delay in this case attributable to the Board's efforts to secure the testimony of subpoenaed witnesses was reasonable and necessary," and, therefore, excluded that delay from the 120–day time computation. *Id.* at 422.

In *Majors v. Pennsylvania Board of Probation and Parole*, 808 A.2d 296, 297 (Pa.Cmwlth.2002), the Board also continued the parolee's violation hearing three times in order to obtain the testimony of a witness. Responding to the parolee's argument that the Board untimely held his violation hearing, this Court excluded, from the 120–day time computation, the delay caused by the Board's efforts to

secure the testimony of its witness. *Majors*, 808 A.2d at 298. With that exclusion, this Court found the Board timely held the violation hearing within the 120–day window. *Id.*

Here, the Board held Griggs's preliminary hearing on August 24, 2005 and granted three continuances for his violation hearing on November 29, December 5, and December 20, 2005, respectively. After the Board's enforcement action in this Court, the Board held the violation hearing on March 16, 2006, 202 days after Griggs's preliminary hearing. Contrary to Griggs's assertion, a Board agent countered Griggs's objection at the violation hearing regarding the timeliness by drawing the Hearing Examiner's attention to the subpoena enforcement proceeding which caused the continuance. (Violation Hearing Tr. 3/14/2006 at 5–6, R. 46–47.) Under both *Torres* and *Majors*, the time attributable to the Board's efforts to secure the testimony of Brown in Griggs's violation hearing is excluded in the time computation. The Board continued the violation hearing pending the subpoena enforcement action on December 20, 2005, and held the hearing on March 16, 2006, which amounts to 84 days.[5] Excluding these 84 days from the time computation, the Board effectively held the violation hearing within 118 days of the preliminary hearing, rendering Griggs's violation hearing timely under the regulations.

Finding the Board timely held Griggs's violation hearing, we affirm.

### ORDER

**NOW,** February 20, 2007, Respondent's Motion to Suppress Petitioner's Pro Se Supplemental Brief is **GRANTED** and Petitioner's Motion for Leave of Court to Submit a Supplemental Brief is **DENIED.** The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby **AFFIRMED.**

---

**5.** In its brief to this Court, the Board calculated this time period to be 85 days. (Board's Br. at 11.) Our calculations, however, reveal a difference of 84 days.