IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nazear Newton,                          :
                                        :
                    Petitioner          :
                                        :
        v.                              : No. 688 C.D. 2024
                                        : Submitted: July 7, 2025
Pennsylvania Parole Board,              :
                                        :
                    Respondent          :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: September 25, 2025


        Nazear Newton (Inmate) petitions for review from an order of the
Pennsylvania Parole Board (Board) that denied his request for administrative relief
challenging the Board's denial of credit for time that he spent at liberty on parole,
calculation of his new maximum sentence date, and refusal to immediately release
Inmate on parole upon the completion of his backtime penalty.  Also before us is a
petition to withdraw as counsel filed by Inmate's court-appointed attorney, Dana E.
Greenspan, Esq. (Attorney Greenspan), on the grounds that Inmate's appeal is
without merit.  For the reasons that follow, we grant Attorney Greenspan's petition
to withdraw as counsel, and we affirm the Board's order.

## I. Background

        In August 2018, Inmate pleaded guilty to five counts of robbery.
Certified Record (C.R.) at 1.  Inmate was originally sentenced to an underlapping

concurrent term of incarceration in a state correctional institution (SCI) of two for four years on each charge for a total aggregate sentence of four to eight years. *Id*. at 1-3. Inmate's original minimum sentence date was February 21, 2021, and his maximum sentence date was February 21, 2025. *Id*.

On February 24, 2021, the Board released Inmate on parole from SCI-Dallas to an approved residence. C.R. at 8. He agreed to the conditions of parole, including that if he was convicted of a crime while on parole, the Board was authorized to recommit him to serve the balance of his sentence with no credit for the time that he spent at liberty on parole. *Id*. at 9-13. At the time of his release, Inmate owed 1,458 days on the unexpired term of his original sentence (*i.e.*, February 24, 2021, to February 21, 2025). *Id*. at 68.

On November 15, 2021, while on parole, the local police arrested Inmate and charged him with various counts of robbery, aggravated assault, simple assault, reckless endangerment of another person, harassment and terroristic threats, criminal attempt of theft by unlawful taking, possession of a prohibited firearm, possession of firearm without a license, and possession of an instrument of crime. C.R. at 25, 30. That same day, the Board issued a warrant to commit and detain Inmate for parole violations. *Id*. at 18. Inmate was held in custody by local authorities. The Montgomery County Court of Common Pleas (sentencing court) set bail at $77.00, which Inmate posted on November 18, 2021. *Id*. at 43. Inmate remained in custody solely on the Board's detainer pending disposition of his new criminal charges.

On September 5, 2023, Inmate entered a negotiated plea agreement and pleaded guilty to one count of criminal attempt of theft by unlawful taking, a misdemeanor of the first degree. C.R. at 30, 50-52. All other charges were *nolle*

2

*prossed*. *Id*. The sentencing court sentenced Inmate to serve a maximum of two years' probation. *Id*. at 30-31.

As a result of the new conviction, the Board charged Inmate as a convicted parole violator (CPV). *Id.* at 20. Inmate waived his right to a panel revocation hearing and to representation of counsel and signed an admission form. *Id*. at 23-24. A hearing examiner held a non-panel revocation hearing. *Id*. at 32-41. On October 7, 2023, the Board voted to revoke Inmate's parole and recommit him as a CPV based on the new convictions. *Id.* at 41.

By decision recorded October 11, 2023, the Board recommitted Inmate as a CPV to serve nine months' "backtime."[1] C.R. at 70. The Board calculated Inmate's new maximum sentence date of November 12, 2025, by adding 799 days remaining on his original sentence to his sentencing/conviction date of September 5, 2023. *Id*. at 68, 70. The Board did not award any credit for time spent at liberty on parole, also known as "street time." *Id*. at 70. The Board explained that the new criminal offense "is the same or similar to the original offense" and that Inmate "committed a new offense involving possession of a weapon." *Id*. at 70-71.

Inmate, represented by counsel, filed a timely administrative appeal from the Board's decision. C.R. at 72-74. Therein, Inmate asserted that the Board

---

[1] As this Court has explained:

> When parole is revoked, whether for technical or criminal violations of the conditions for parole, the Board imposes a specific period of time that must be served in prison and credited to the sentence being served on parole before the prisoner will again be considered for parole on that sentence. That period is commonly referred to as "backtime."

*Abrams v. Pennsylvania Board of Probation and Parole*, 935 A.2d 604, 606 n.3 (Pa. Cmwlth. 2007).

3

erred or abused its discretion by denying him credit for time spent at liberty on parole for false reasons, miscalculating his new maximum sentence date, and not immediately releasing him on parole following the completion of his backtime penalty. *Id.*

By decision dated May 7, 2024, the Board denied Inmate's administrative appeal and affirmed its recommitment decision. *Id.* at 80-82. The Board explained that Inmate owed 1,458 days on his original sentence upon his release on February 24, 2021. Inmate was entitled to credit for 659 days from November 15, 2021, his arrest date, to September 5, 2023, his sentencing date, because Inmate did not receive a new term of incarceration for the new criminal conviction. As a result, 799 days remained on his original sentence, which yielded a recalculated maximum date of November 12, 2025. *Id.* at 80-82. The Board also explained that it acted within its discretion to deny credit for time at liberty on parole for the articulated reason that the new crime was the same or similar to the original offense and involved the possession of a weapon. Inmate was eligible for reparole review at the next available docket. *Id.* at 70.

On May 10, 2024, the Board denied parole citing institutional behavior, including reported misconducts, risk and needs assessment, negative recommendation made by the Department of Corrections (DOC), and minimization/denial of the nature and circumstances of the offense(s) committed. C.R. at 78-79. Inmate was eligible for parole May 2025.[2] *Id.*

---

[2] According to our search of the DOC's Inmate Locator, Inmate remains incarcerated at SCI-Phoenix under the custody and control of the DOC. *See* DOC's Inmate Locator, https://inmatelocator.cor.pa.gov (last visited: September 24, 2025).

On Inmate's behalf, Attorney Greenspan filed a petition for review in this Court reasserting the same issues raised in the administrative appeal. Shortly thereafter, Attorney Greenspan filed a petition to withdraw as counsel along with a no-merit letter based on her belief that Inmate's appeal is without merit and lacks support in both law and fact. This matter is now before us for disposition.

## II. Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[3] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

---

[3] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

In addition, court-appointed counsel who seeks to withdraw representation must (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Greenspan's no-merit letter satisfies the technical requirements of *Turner*. Attorney Greenspan sets forth the issues Inmate raised in the petition for review and subsidiary issues fairly comprised therein. Attorney Greenspan provides a thorough analysis as to why each issue lacks merit, and she cites applicable statutes, regulations, case law, and the certified record in support.

First, Attorney Greenspan explains that the Board did not err, abuse its discretion, or violate Inmate's constitutional rights by denying credit for time spent at liberty on parole. Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), gives the Board discretion to recommit a CPV to serve the unserved balance of his original maximum sentence without credit for street time. The Board provided a valid, contemporaneous reason for declining to award credit. The Board explained that Inmate committed a new offense that was the same or similar to the original offense and that the offense involved possession of a weapon. Inmate protests that his new conviction is not the same as or similar to

6

his original robbery offense, and that he was not found guilty of a weapons offense. Attorney Greenspan explains that, although theft is defined as stealing someone's property, and robbery involves using force or fear to take property from a person's immediate possession, both crimes involve taking something that did not belong to Inmate and, thus, are similar. Although Inmate was not convicted of a weapons offense, Attorney Greenspan points to sufficient information in the record that he was in possession of a firearm for parole purposes.

Next, Attorney Greenspan maintains that the Board properly calculated Inmate's maximum sentence date. The Board recalculated Inmate's maximum sentence date by adding the remainder of unserved days on his original sentence when he was paroled to his date of return, less time spent in custody on the Board's detainer, with no credit for time spent at liberty on parole. The Board properly applied all time spent incarcerated from the date of arrest to sentencing towards Inmate's original sentence.

Third, Attorney Greenspan asserts that the Board did not abuse its discretion by not releasing Inmate upon completion of his nine months' backtime. She explains that there is no right to parole. The backtime penalty imposed on Inmate was part of his existing judicially-imposed sentence, which must be served before a parolee is eligible to be considered for reparole. Inmate was not entitled to automatic or immediate release following completion of this nine months' backtime penalty. Upon completion of his backtime, Inmate was considered for but denied parole because of institutional behavior, risk and needs assessment, a DOC negative recommendation, and minimization/denial of the nature and circumstances of the offense(s) committed.

Based on her review, Attorney Greenspan concludes that Inmate's appeal to this Court is without merit, and she requests permission to withdraw. Attorney Greenspan provided Inmate with a copy of the no-merit letter and her request to withdraw. She advised Inmate of his right to retain new counsel or proceed by representing himself.[4] As we are satisfied that Attorney Greenspan has discharged her responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Inmate's petition for review lacks merit.[5]

### III. Independent Review
### A. Time Spent at Liberty on Parole

Inmate contends that the Board erred by failing to credit his original sentence with time spent at liberty on parole. Inmate argues that the reasons the Board provided in support of its decision to deny credit are false. He advances that his new conviction is not the same or similar to the original offense of robbery because it did not involve the use of force or threats of force. He also defends that he was not found guilty of any offense that included a weapon.

Section 6138(a)(2) of the Parole Code authorizes the Board to recommit a CPV to serve all or part of the unexpired term of his original sentence had he not been paroled. 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV for time spent at liberty on parole except where:

---

[4] Inmate did not retain new counsel or file a brief in support of his petition for review.

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

(i) The crime committed during the period of parole or while delinquent on parole is *a crime of violence* or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

(ii) The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1)(i) and (ii) (footnotes omitted); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017).

In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

In *Allen v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 573 C.D. 2020, filed February 15, 2022),[6] the parolee was convicted of terroristic threats and was recommitted as a CPV. The Board declined to award him credit for the time spent at liberty on parole because the new conviction involved possession of a weapon. The parolee argued that the Board erred because the record did not reflect

_____

[6] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

that his new conviction for "terrorist threats"[7] involved the possession and/or use of a weapon. This Court found that there was no merit to the parolee's assertion of error. We explained that the Board's reasoning was accurately reflected in both the signed acknowledgement of the conviction and supported by facts contained in the certified record that the crime he pled guilty to involved the use of a weapon.

Here, Inmate was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii). As a result, the Board had discretion to grant or deny credit for the time he spent at liberty on parole. 61 Pa. C.S. §6138(a)(2.1); *Pittman*, 159 A.3d at 474. The Board chose to deny credit explaining: "[Inmate] committed a new conviction that is the same or similar to the original offense thereby warranting denial of credit for time at liberty on parole. [Inmate] committed a new offense involving possession of a weapon thereby warranting denial of credit for time at liberty on parole." C.R. at 71. The Board's explanation constitutes a sufficient articulation for denying credit under the law. *See Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019) (holding the Board's reason that the parolee's new conviction was "same/similar to original offense" and his parole resulted in "early failure" after only eight months on the street was a sufficient articulation of reason for denying credit); *see also Pittman*, 159 A.3d at 475 n.12 (opining "the reason the Board gives does not have to be extensive, and a single sentence explanation is likely sufficient in most instances").

---

[7] Pursuant to Section 2706(a)(1) of the Crimes Code, "[a] person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to: (1) commit any crime of violence with intent to terrorize another . . . ." 18 Pa. C.S. §2706(a)(1). The term "communicates" means "conveys in person or by written or electronic means, including telephone, electronic mail, Internet, facsimile, telex and similar transmissions." 18 Pa. C.S. §2706(e).

As for the accuracy of the Board's reasons, Inmate's new offense – criminal attempt of theft by unlawful taking – and his original offense – burglary – are both theft-related and are similar. Although Inmate was not convicted of a weapons offense, as in *Allen*, the record contains sufficient information that Inmate was in possession of a firearm while committing the new offense.[8] *See* C.R. at 23, 25, 34, 41. Upon review, we discern no error or abuse of discretion in the Board's denial of credit for the reasons stated.

## B. Maximum Sentence Date

Next, Inmate claims that the Board erred when it recalculated his new maximum sentence date. Inmate was held on the Board detainer since November 15, 2021, for new criminal charges, which resulted in a sentence of two years' probation. Since the time spent in confinement from November 15, 2021, could not be applied towards a probationary sentence, all time served must be credited to his original sentence.

"If [a] parolee is recommitted as a CPV, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted . . . , with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit." *Hughes*, 179 A.3d at 120. "[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412

---

[8] Even if we concluded otherwise, the similarity of offenses alone serves as an adequate basis for the Board to deny credit. *See Roca v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 149 C.D. 2023, filed March 28, 2024) (holding the denial of street time credit where new conviction was same or similar to original conviction is sufficient).

A.2d 568, 571 n.6 (Pa. 1980); *see Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 769 (Pa. 2017) (holding *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). "[I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Gaito*, 412 A.2d at 571. Further, "if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence." *Id*. at 571 n.6.

Here, when the Board released Inmate on parole on February 24, 2021, he owed 1,458 days on the unexpired term of his original sentence (*i.e.*, days between his parole date of February 24, 2021, and maximum sentence date of February 21, 2025). *Id*. at 75. On November 15, 2021, Inmate was arrested on new criminal charges and detained by the Board. Because Inmate received a probationary sentence on the new criminal charges, the Board applied all time served from his date of arrest until sentencing on September 5, 2023 (659 days), towards his original sentence. This left 799 days remaining on the unexpired term of his original sentence (1,458 less 659 days). As discussed above, the Board did not award credit for time spent at liberty on parole. The Board properly recalculated Inmate's maximum sentence date by adding the 799 days remaining on his unexpired term to the September 5, 2023 sentencing date, which yielded a new maximum sentence date of November 12, 2025. Accordingly, Inmate's argument that the Board did not properly credit his original offense with all time served is without merit.

## C. Automatic Reparole

Inmate contends that the Board abused its discretion by failing to immediately release him upon the completion of his nine months' backtime. Inmate has been incarcerated since November 15, 2021, on the Board's detainer. He has been incarcerated in excess of 24 months for a nine-month backtime penalty.

It is well settled under Pennsylvania law that an inmate has no right to parole. *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319, 321 (Pa. 1999). An inmate has only a right to apply for parole at the expiration of his minimum term, or as in this case, the completion of Board-imposed backtime. *Id*. "'[B]acktime' is . . . part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding after a civil administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Torres v. Pennsylvania Board of Probation and Parole*, 765 A.2d 418, 423 (Pa. Cmwlth. 2000). "'[W]hen the Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a recomputed minimum term.'" *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 949 (Pa. Cmwlth. 1998) (quoting *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1048 (Pa. Cmwlth. 1984)). "'Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application.'" *Id*. (quoting *Krantz*, 483 A.2d at 1048). However, an inmate "has no right to be automatically released on parole upon the expiration of the backtime mandated by the Board." *Johnson v. Pennsylvania Board of Probation and Parole*, 532 A.2d 50, 53 (Pa. Cmwlth. 1987). Therefore, Inmate was not entitled to automatic reparole or immediate release upon completion of his nine months' backtime and his arguments to the contrary lack merit.

## IV. Conclusion

Upon review, we agree with Attorney Greenspan that Inmate's claims are without merit. Accordingly, we grant Attorney Greenspan' petition to withdraw as counsel, and we affirm the order of the Board denying Inmate's administrative appeal.

The Prothonotary is directed to <u>mail</u> a copy of this Opinion and Order on Petitioner.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nazear Newton,                :
                                      :
            Petitioner    :
                                        :
           v.               : No. 688 C.D. 2024
                                        :
Pennsylvania Parole Board,   :
                                        :
          Respondent :

## O R D E R

AND NOW, this 25th day of September, 2025, the petition to withdraw as counsel filed by Dana Greenspan, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated May 7, 2024, is AFFIRMED. The Prothonotary is directed to mail a copy of this Opinion and Order on Petitioner.

_____
MICHAEL H. WOJCIK, Judge