519 A.2d 1069

Carl Beasley, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 9, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief, Appellate Division, and *Mitchell A. Kaufman,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, January 7, 1987:

Petitioner, Carl Beasley, seeks review of a decision of the Pennsylvania Board of Probation and Parole (Board) which denied petitioner's request for administrative relief. The request was for credit on backtime for time spent in an in-patient rehabilitation program.

Petitioner was convicted of theft on November 16, 1981, and was sentenced to a term of imprisonment of one to four years. He was paroled on November 8, 1983, to an in-patient drug treatment program at House of the Crossroads. Petitioner's attendance at this program was a special condition of his parole. He therefore had a choice of attending the program or remaining in prison. He remained at House of the Crossroads for the next ten months and ten days. At the end of this period he was offered a job at the House of the Crossroads. He declined and left.

The Board charged petitioner as a technical parole violator (1) for not maintaining contact with the parole supervision staff, (2) for moving without written permission of the parole supervision staff, and (3) for failing to notify the parole supervision staff of an arrest. In June 1985, petitioner pled guilty to the charge of receiving stolen property and possession of instruments of crime. The Board, in September 1985, ordered petitioner to be recommitted to serve the unexpired term of his original sentence as a technical and a convicted parole violator. In the recommitment, the Board computed

petitioner's unexpired sentence without giving him credit for the time spent at House of the Crossroads.

Petitioner's situation is almost identical to the situation in *Cox v. Pennsylvania Board of Probation and Parole*, 507 Pa. 614, 493 A.2d 680 (1985). The Board, as in *Cox*, made no factual determination as to the nature of the House of the Crossroads and whether the restrictions on petitioner's liberty there were the equivalent of incarceration. The court in *Cox* recognized that each claim is to be evaluated on a case-by-case basis upon the record made before the Board.

Respondent argues that petitioner failed to sustain his burden of proof because he did not offer any evidence to show the restrictive nature of the House of the Crossroads program. In reviewing the record, this argument holds no weight.

> As a practical matter, time credit questions are rarely raised at Pennsylvania Board of Probation and Parole violation hearings. Normally, the question of time credit becomes important after the Pennsylvania Board of Probation and Parole hands down a parole revocation order and is usually raised in the context of an administrative appeal under 37 Pa. Code §71.5(h).

Wile, *Probation and Parole*, 57 Pa. B.A.Q. 152, 156 (1986).

Petitioner could only offer evidence of the restrictive nature of the program after the decision to recommit and the calculation of the unexpired term was made. Petitioner properly raised this issue by offering such evidence in his request for administrative relief. In its denial of relief, the Board simply stated, "You do not receive credit on backtime for time spent in in-patient treatment in the community while you were on parole status." They made no findings of fact and did not even address petitioner's contentions.

Petitioner also contends that the Board erred in finding a technical violation of condition No. 2 (changing his residence without written permission).

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

There is evidence in the record to support the Board's finding that petitioner changed his residence without notifying the Board. We therefore find no reason to disturb the Board's finding of a technical violation.

Accordingly, we affirm that portion of the Board's decision as to the violations; however, we remand for a determination of facts regarding the nature of the rehabilitation program in light of *Cox.*

ORDER

Now, January 7, 1987, the decision of the Pennsylvania Board of Probation and Parole, dated October 3, 1985, is affirmed as to petitioner's violations but remanded for a determination of facts regarding the nature of the rehabilitation program in light of *Cox v. Pennsylvania Board of Probation and Parole,* 507 Pa. 614, 493 A.2d 680 (1985).

Jurisdiction relinquished.