**Michael MEEHAN, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 20, 2001.

Decided Aug. 28, 2001.

James M. McClure, Huntingdon, for petitioner.

Amy M. Elliott, Harrisburg, for respondent.

Before PELLEGRINI, Judge, FRIEDMAN, Judge and FLAHERTY, Senior Judge.

FRIEDMAN, Judge.

Michael Meehan (Meehan) petitions for review of the January 30, 2001 determination of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief.

Meehan was sentenced to a term of six years, eleven months to sixteen years for aggravated assault and terroristic threats, and the maximum expiration date of his sentence was May 19, 2005. (C.R. at 1.) As a special condition of his parole, Meehan was required to enter an intensive supervision unit. (C.R. at 11.) Thus, on July 28, 1997, Meehan was released on parole to Treatment Trends (Keenan House), a drug treatment facility. (C.R. at 7–12.) Meehan stayed at Keenan House and participated in a program from July 28, 1997 until February 18, 1998.

Subsequently, the Board declared Meehan delinquent,[1] effective October 5, 1998. (C.R. at 13.) Additionally, Meehan had been arrested on three separate occasions for Driving Under the Influence. (C.R. at 23.) As a result of the arrests, the Board issued a Warrant to Commit and Detain Meehan on December 17, 1999. (C.R. at 14–15.) By action mailed February 9, 2000, the Board recommitted Meehan as a technical parole violator to serve twelve months backtime, when available. (C.R. at 33–34.) By action dated April 12, 2000, the Board also recommitted Meehan as a convicted parole violator to serve twelve months backtime, when available, concurrently with the backtime imposed for the technical parole violations. (C.R. at 40, 61.) Subsequently, the Board recalculated Meehan's new maximum expiration date to be January 7, 2008. (C.R. at 61.)

Meehan sought administrative relief from the Board's recalculation order, arguing that the Board erred in recalculating his maximum expiration date because it did not credit him with the time he served in Keenan House. The Board denied Meehan's appeal, concluding that the appeal did not specify a factual or legal basis for Meehan's objection. Meehan now seeks review of the Board's determination,[2] arguing that the restrictions imposed at Keenan House were custodial in nature, and, therefore, he should receive credit against his sentence for his time spent there.

A parolee bears the burden of proving that a program's characteristics are so restrictive as to constitute the equivalent of incarceration and, thus, warrant credit for time spent there. *Cox v. Board of Probation and Parole*, 507 Pa. 614, 493 A.2d 680 (1985). Moreover, we may not disturb the Board's determination unless it acted arbitrarily or abused its discretion. *Id.*

Here, the Board examined Meehan's appeal and concluded that it lacked the requisite factual basis for his objection.[3] (Supp. C.R. at 4.) Specifically, the Board noted that Meehan failed to allege that: he was detained at, or prevented from leaving, Keenan House; he would have been forced to return to Keenan House if he chose not to return after an authorized absence; the doors and windows were locked in a manner so as to prevent residents from removing themselves; there was fencing around the facility to prevent residents from removing

---

1. Meehan had provided urine samples that tested positive for cocaine and opiates. (C.R. at 24.)

2. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Jackson v. Pennsylvania Board of Probation and Parole*, 781 A.2d 239 (Pa. Cmwlth. 2001) (*Jackson II*).

3. In challenging the Board's computation, the parolee's request for administrative relief must specifically set forth facts or a legal basis for the relief sought. 37 Pa.Code § 73.1; *Jackson II*.

themselves; the Keenan House staff did anything to stop residents from removing themselves; the Keenan House staff treated parolees different than other residents; or anyone guarded the residents during an authorized absence to ensure the resident's return to Keenan House. (Supp. C.R. at 4–5.)

Contrary to the Board's determination, however, Meehan did allege facts sufficient to request the relief sought. Indeed, regarding the custodial nature of the program, Meehan stated in his appeal, "the facility's windows and doors were located[4] at all times and were relayed to an alarm system, inmates were subject to count which was turned into the Department of Corrections, inmates were not free to leave other than to sign out for work and correctional staff officers would prevent the same, and it is believed that inmates would be charged with escape for leaving the Center." (Supp. C.R. at 1.) Although Meehan may have failed to allege all the facts recited by the Board, such as a fence surrounding the facility,[5] this is not necessarily fatal to his appeal. Each claim must be evaluated on a case-by-case basis. *See Cox; Beasley v. Penn-sylvania Board of Probation and Parole*, 103 Pa.Cmwlth. 39, 519 A.2d 1069 (1987).

Additionally, while at Keenan House, Meehan remained in the constructive custody of the Commonwealth. *See* 37 Pa.Code § 451.51 (stating that a residential rehabilitative program may be custodial in nature); *Henkels & McCoy, Inc. v. Workers' Compensation Appeal Board (Hendrie)*, 565 Pa. 493, 776 A.2d 951 (2001).[6] Indeed, because Meehan's participation in a drug and alcohol program was a special condition of his parole, his involuntary institutionalization at Keenan House may be akin to imprisonment. *See id.* Therefore, where, as here, the parolee entered and completed a drug rehabilitation program as a special condition of parole, the Board must develop a record at a subsequent recommitment hearing and must make a factual determination as to whether participation in such program constitutes "time at liberty on parole" for which no credit may be given. *Cox.*

Because Meehan's appeal set forth a sufficient factual basis for the relief sought, the Board abused its discretion when it denied Meehan the opportunity to

**4.** It appears that Meehan meant to say that the windows and doors were *locked* at all times. (Meehan's brief at 11.)

**5.** In its determination, the Board relied on *Jackson v. Pennsylvania Board of Probation and Parole*, 130 Pa.Cmwlth. 527, 568 A.2d 1004 (1990), in which we upheld the Board's determination that a treatment facility did not constitute confinement where the doors were not locked, there was no fencing around the facility, the facility did nothing to stop patients from leaving and the parolees were not treated differently than other patients.

**6.** In *Henkels & McCoy*, the claimant sustained a work-related injury and received workers' compensation benefits for total disability. Later, the claimant was convicted of criminal trespass and sentenced to two to five years in prison. During his incarceration, he was involuntarily committed to a mental hospital.

A few days prior to his scheduled release on his maximum sentence, the claimant pleaded *nolo contendere* to making terroristic threats and was sentenced to five years probation, but remained in the mental hospital as a special condition of his probation. Our supreme court held that the claimant's involuntary institutionalization at the mental hospital was akin to imprisonment at a penal facility. The supreme court noted that the term "incarceration" is commonly defined to include both "imprisonment" and "confinement." Additionally, the supreme court noted that any violation of the claimant's probationary condition would have subjected him to harsher discipline by the court. Therefore, the supreme court concluded that the claimant was confined and under the constructive custody of the Commonwealth.

develop a record. Accordingly, we vacate the Board's determination and remand this matter to the Board to conduct an evidentiary hearing to provide Meehan an opportunity to present evidence regarding the custodial aspects of the Keenan House facility.

### ORDER

AND NOW, this 28th day of August, 2001, the determination of the Pennsylvania Board of Probation and Parole (Board), dated January 30, 2001, is hereby vacated and this matter is remanded to the Board to conduct an evidentiary hearing to provide Michael Meehan an opportunity to present evidence regarding the custodial aspects of the Treatment Trends (Keenan House) facility.

Jurisdiction relinquished.