IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roman P. Zalewski,                          :
                      Petitioner          :
                                         :
           v.                            :
                                         :
Pennsylvania Board of                       :
Probation and Parole,                       :   No. 836 C.D. 2018
                Respondent       :   Submitted: December 14, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
BY JUDGE FIZZANO CANNON          FILED:  February 26, 2019


         Roman P. Zalewski (Zalewski) petitions for review from the May 24, 2018 order of the Pennsylvania Board of Probation and Parole (Board) denying Zalewski's request for administrative relief that challenged, in part, the recalculation of his parole violation maximum sentence date.  Zalewski is represented by Kent D. Watkins, Esq. (Counsel), who asserts that the appeal is without merit and seeks permission to withdraw as counsel.  For the reasons that follow, we deny Counsel's application to withdraw.

         On May 31, 2011, the Board released Zalewski on parole after serving time in a state correctional institution (SCI) on his original sentence of two years, three months to six years for a drug-related crime with a maximum sentence date of September 23, 2015.  Certified Record (C.R.) 1-2 & 8.  On April 22, 2013, the Board

detained Zalewski for technical parole violations, and by order mailed June 20, 2013, the Board recommitted him as a technical parole violator (TPV) to an SCI/contracted county jail to serve six months. *Id*. at 9-14.

On October 22, 2013, the Board reparoled Zalewski. *Id*. at 17. While on parole, the police in Berks County arrested Zalewski and charged him with new crimes including aggravated assault, simple assault, and harassment. *Id*. at 21-26. Zalewski posted bail on the new charges, *id*. at 88, and the Board declared him delinquent effective June 17, 2015. *Id*. at 27. On June 22, 2015, the Board detained Zalewski; he subsequently admitted to the technical parole violations and waived his right to a violation and detention hearing. *Id*. at 28-40. The Board, by order mailed July 16, 2015, recommitted Zalewski as a TPV pending disposition of his criminal charges. *Id*. at 47-49. The Board further ordered Zalewski to serve his unexpired term of 98 days and recalculated his maximum sentence date to September 28, 2015.[1] *Id*.

On May 1, 2017, the Court of Common Pleas of Berks County, Criminal Division, sentenced Zalewski to, in relevant part, a term of 30 months to 60 months in an SCI as a result of his guilty plea to the aggravated assault charge, with an effective sentence date of May 15, 2017. *Id*. at 57-58. On May 18, 2017, the Board detained Zalewski on the new crime, *id*. at 63, and he subsequently waived his right to a revocation hearing and "acknowledged" his new criminal conviction. *Id*. at 64-74. The Board, by order mailed July 14, 2017, recommitted Zalewski to an SCI as a convicted parole violator (CPV) to serve 24 months concurrently (to the previously imposed 98 days) for a total of 24 months' backtime on his original

_____

[1] To arrive at the new maximum date, the Board added 98 days to June 22, 2015, the day the Board declared Zalewski delinquent. C.R. 49.

sentence.[2]  *Id*. at 121-24.  The Board further found Zalewski not eligible for reparole until February 12, 2019 and recalculated his maximum sentence date to December 3, 2020.[3]  *Id*.

On August 14, 2017, Zalewski, *pro se*, filed an administrative remedies form with the Board challenging his reparole eligibility date and sentence credit.  *Id*. at 125.  Zalewski argued that the Board "rendered a decision based on inaccurate, incomplete information."  *Id*.  Additionally, Zalewski provided facts related to the events leading to his arrest and second conviction, and requested "mercy."  *Id*. at 125-26.  The Board denied Zalewski's request for relief and, by letter mailed May 24, 2018, affirmed its July 14, 2017 decision explaining:

> The record in this matter reveals that you were convicted in a court of record, of crimes that are punishable by imprisonment, which you committed while at liberty on parole.  The Board's regulations provide that the scope of review of an administrative appeal is limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law.  37 Pa. Code § 73.1(a)(2).  The record in this matter establishes that the Board's decision is supported by substantial evidence, does not constitute an error of law, and does not violate your constitutional rights.

---

[2] Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled."  37 Pa. Code § 61.1.

[3] To reach the new maximum sentence date, the Board took Zalewski's original maximum sentence date, September 23, 2015, and subtracted from it the days he served before he was reparoled on October 22, 2013 to reach a total of 701 days remaining on his original sentence.  C.R. 123.  The Board then added the 692 days that Zalewski spent at liberty on parole, from May 31, 2011 to April 22, 2013, to reach a total of 1393 days still owed.  *Id*.  From the 1393 days, the Board subtracted 98 days for backtime served to arrive at 1295 days owed in backtime.  *Id*.  The Board next added the 1295 days to May 18, 2017, when Zalewski was taken into custody as a CPV, to reach a new maximum sentence date of December 3, 2020.  *Id*.

3

C.R. 129.

On June 20, 2018, Zalewski, through Counsel, petitioned this Court for review of the Board's decision.[4] Zalewski filed an application to proceed *in forma pauperis*, which this Court, by order dated June 21, 2018, granted. Subsequently, Counsel obtained a copy of the certified record and, after review, on October 10, 2018, filed an application to withdraw as counsel. In his application to withdraw, Counsel asserts that he reviewed the certified record and has determined that there "are no grounds for appeal and the appeal is frivolous" and, in support, attached a copy of his no-merit letter.[5] Application to Withdraw ¶ 5.

In cases where counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) he must notify the petitioner of the request to withdraw; (ii) he must furnish the petitioner with a copy of a no-merit letter; and (iii) he must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii)

---

[4] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[5] Counsel seeking to withdraw may file an *Anders* Brief or a no-merit letter. *Anders v. California*, 386 U.S. 738 (1967) (explaining standards for withdraw of appointed counsel). If petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence date, this Court only requires a no-merit letter explaining why the claim is meritless to support the motion to withdraw. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009).

counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. On October 10, 2018, Counsel served Zalewski with a copy of the application to withdraw and a copy of the no-merit letter, as evidenced by the certificate of service filed in this matter. *See* Certificate of Service filed October 10, 2018. In the no-merit letter, Counsel advised Zalewski of his "right to retain substitute counsel, if he so desires, and of his right to raise any points which he may deem worthy of merit in a pro se brief filed with this Honorable Court." Counsel's No-Merit Letter at 5. On October 12, 2018, Counsel filed a certificate of service with this Court certifying that he served a copy of this Court's October 11, 2018 order on Zalewski. The October 11, 2018 order gave Zalewski 30 days to obtain substitute counsel at his own expense or to file a brief on his own behalf to support his petition for review.

Upon review of the substance of the no-merit letter, Counsel explains that he reviewed the certified record, summarizes the facts, addresses each of the issues raised by Zalewski, and explains why the issues lack merit. Counsel concludes that Zalewski "fails to meet the burden of specifying the requisite factual or legal basis for the relief sought" citing *Meehan v. Pennsylvania Board of Probation and Parole*, 783 A.2d 362 (Pa. Cmwlth. 2001). Counsel's No-Merit Letter at 4. Counsel represents that Zalewski "fails to present any evidence as to why or how the evidence," *i.e.*, a copy of his guilty plea and sentence, relied on by

5

the Board is inaccurate. *Id*. at 4. Finally, Counsel asserts that the "record does not reveal any other issues that may be raised on Mr. Zalewski's behalf." *Id*. at 4-5. We conclude that Counsel set forth substantial reasons for concluding that Zalewski's arguments lack merit. We now independently review the merits of Zalewski's claims.

In his petition for review, Zalewski asserts that the Board erred by failing to give him "credit for all time served exclusively pursuant to its warrant" and in "failing to give [him] credit for all time served in good standing on parole." Petition for Review ¶¶ 5-6. The record shows that Zalewski was in good standing on parole for 692 days, from May 31, 2011 through April 22, 2013, until the Board initially recommitted him as a TPV; in its initial recommitment order, the Board properly credited Zalewski with this time. C.R. 13. The Board reparoled Zalewski on October 22, 2013 and after his arrest on the new criminal charges, the Board recommitted him as a TPV by order mailed July 16, 2015 but did not revoke the 692 days Zalewski earned in good standing as a TPV. *Id*. at 47-50. After Zalewski pled guilty to the new crime, the Board recommitted him as a CPV, revoked the 692 days he earned in good standing on parole as a TPV, and recalculated his reparole eligibility date and maximum sentence date. *Id*. at 123.

Section 6138(c)(2) of the Prisons and Parole Code (Code) provides, in part, that if a "parolee is recommitted under this subsection [as a TPV], *the parolee shall be given credit for the time served on parole in good standing . . . .*" 61 Pa. C.S. § 6138(c)(2) (emphasis added). After Counsel filed his no-merit letter, this Court held in *Penjuke v. Pennsylvania Board of Probation and Parole*, ___ A.3d ____ (Pa. Cmwlth., No. 1304 C.D. 2017, filed February 1, 2019), slip op. at 33, that "the Board lacks the statutory authority to revoke street time [the period of time a

6

parolee spends at liberty on parole] previously granted to a parolee as a TPV when it subsequently recommits the parolee as a CPV." Here, however, after recommitment as a CPV, the Board revoked the 692 days of street time that Zalewski earned prior to his initial recommitment as a TPV. In so doing, the Board explained that the "new conviction is [a] violent offense" and, therefore, should be "excluded from street time credit consideration." C.R. 71. To support its decision, the Board appeared to rely on Section 6138(a)(2.1) of the Code, 61 Pa. C.S. § 6138(a)(2.1), which provides that if the Board orders recommitment as a CPV, the Board may, in its discretion, award credit to a CPV for time spent at liberty on parole, unless the offender is convicted of certain offenses. These offenses include a crime committed during the period of parole that is a crime of violence as defined in Section 9714(g) of the Sentencing Code, 42 Pa. C.S. § 9714(g). 61 Pa. C.S. § 6138(a)(2.1). A crime of violence expressly enumerated is aggravated assault. *See* 42 Pa. C.S. § 9714(g) (defining "crime of violence" to include aggravated assault as defined in Section 2702(a)(1) or (2) of the Crimes Code, 18 Pa. C.S. § 2702(a)(1) or (2)). Zalewski pled guilty to aggravated assault per 18 Pa. C.S. § 2702(a)(1), which is a crime of violence expressly referenced in 42 Pa. C.S. § 9714(g).

Though the Board concluded that it had no discretion and had to revoke Zalewski's time earned on parole as a TPV, the Board made this decision prior to our holding in *Penjuke*. This Court observes the principle that "a party whose case is pending on direct appeal is entitled to the changes in the law which occur before final judgment." *Featherman v. Dep't of Transp., Bureau of Driver Licensing*, 167 A.3d 846, 854 (Pa. Cmwlth. 2017). Because of our recent decision in *Penjuke*, Zalewski's argument that he is entitled to credit for time spent at liberty on parole in good standing as a TPV now may have merit and must be addressed in a merits brief.

7

Accordingly, we deny Counsel's request to withdraw and direct Counsel to file a brief on the merits within 30 days of the date of this Court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roman P. Zalewski,                      :
                   Petitioner       :
                              :
         v.                           :
                              :
Pennsylvania Board of                   :
Probation and Parole,                   :   No. 836 C.D. 2018
                 Respondent       :

O R D E R

AND NOW, this 26th day of February, 2019, Kent D. Watkins, Esq.'s (Counsel) application for leave to withdraw as counsel is DENIED. Counsel is granted 30 days from the date of this Order to file a brief on the merits.

_____
CHRISTINE FIZZANO CANNON, Judge